[No. 34391. Department One. April 24, 1958.]

ROBERT G. KRUSE, *Appellant*, v. RONALD G. LOVETTE, *as Director of City Finance for the City of Vancouver, Respondent.*[1]

*McMullen, Snider & McMullen* and *John Spiller*, for appellant.

*John F. Wynne*, for respondent.

OTT, J.—June 5, 1953, Robert G. Kruse injured his right elbow while in the performance of his duties as a regularly employed fireman for the city of Vancouver. As a result of the injury, medical treatment was necessary, and Kruse did not return to work until July 20, 1953. In January, 1954, he

[1]Reported in 324 P. (2d) 819.

petitioned the pension board for disability retirement, as provided by the firemen's relief and pension act, contending that, as a result of the injury, he was unable to perform safely the duties of his employment. The petition was supported by the required medical reports.

The pension board granted the petition and directed that Kruse be "placed on pension and that he be paid six months salary from February 27, 1954, in accordance with the provisions of Rem. Rev. Stat. (Sup.), § 9565 [Laws of 1935, chapter 39, § 4, p. 103]."

The director of city finance for the city of Vancouver issued warrants for Kruse's full salary for the months of March and April, but refused to issue such warrants for the remaining four months, upon the ground that the pension board, under the facts of this case, had no authority to grant full-time pay for the six months' period.

Kruse commenced this action in mandamus to compel the director to issue the warrants in compliance with the order. The cause was tried to the court, and, from a judgment denying the writ, Kruse has appealed.

Appellant contends that the order of the board, directing payment of his full salary for six months, is conclusive; that the director of city finance performs merely a ministerial act in the issuance of the warrants, and that therefore the writ should issue. With this contention, we agree.

It is conceded that appellant is a "prior fireman," within the definition in RCW 41.16.010 [cf. Rem. Supp. 1947, § 9578-40], and that he is entitled to receive benefits from the pension fund in the amount and manner provided by the laws which were in effect prior to January 1, 1947.

The applicable statute, Rem. Rev. Stat., § 9571 (Laws of 1929, chapter 86, § 10, p. 154), provides in part:

"Said board shall hear and decide all applications for such relief or pensions under this act, and its decisions on such applications shall be final and conclusive and not subject to revision or reversal except by the board."

In *State ex rel. Chapman v. Edwards*, 161 Wash. 268, 295 Pac. 1017 (1931), this court, in refusing to review by man-

damus the rejection of a disabled fireman's application for a pension, stated [p. 271]:

"By this statute [Rem. Comp. Stat., § 9571], the action of the board is, in plain language, made final and conclusive, and it is expressly provided that the ruling thereof shall not be subject to revision or repeal, except by the board."

In *State ex rel. Criswell v. Board of Trustees of the Firemen's Relief & Pension Fund*, 93 Wash. 468, 161 Pac. 361 (1916), this court held that, under the firemen's relief and pension fund law, the pension board had the exclusive power to hear and decide all applications for relief or pensions under the act; that its decisions on such applications were conclusive, and that mandamus would not lie to inquire into the correctness of the ruling of the board. In the cited case, the court stated [p. 470]:

"It is within the power of the legislature, when enacting a statute creating a new right with its remedy, to vest in some board or person power to adjudicate all matters arising under the statute, and to make such adjudication final and conclusive."

See, also, *State ex rel. Crabb v. Olinger*, 196 Wash. 308, 312, 82 P. (2d) 865 (1938).

We adhere to the interpretation placed upon the statutes by this court in the *Chapman* and *Criswell* cases.

RCW 41.16.040 [cf. Rem. Supp. 1947, § 9578-43] provides that the pension board shall have power to

". . . (3) Provide for payment from said fund of necessary expenses of maintenance and administration of said pension system and fund. . . .

"(7) Issue vouchers approved by the chairman and secretary and to cause warrants therefor to be issued and paid from said fund for the payment of claims allowed by it.

"(8) . . . prepare and file with the city treasurer and city clerk or comptroller prior to the date when any payments are to be made from the fund, a list of all persons entitled to payment from the fund, stating the amount and purpose of such payment, said list to be certified to and signed by the chairman and secretary of the board and attested under oath. . . ."

■ The duty of a public officer is ministerial, where the law prescribes and defines the duty which is to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment. 55 C. J. S. 101, 218, §§ 63, 132; *State ex rel. Linden v. Bunge*, 192 Wash. 245, 249, 73 P. (2d) 516 (1937).

■ We conclude that, under the facts of this case, the duty of the director of city finance in regard to the disbursement of pension funds is ministerial. Merrill on Mandamus 168, § 135; 55 C. J. S. 406, § 207. *State ex rel. Lawler v. Grant*, 178 Wash. 61, 68, 34 P. (2d) 355 (1934); *State ex rel. Dudley v. Daggett*, 28 Wash. 1, 8, 68 Pac. 340 (1902).

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded with instructions to issue the writ of mandamus.

HILL, C. J., FINLEY, FOSTER, and HUNTER, JJ., concur.

_____

September 16, 1958. Petition for rehearing denied.