[No. 43541.   En Banc.   May 22, 1975.]

THE STATE OF WASHINGTON, *Appellant,* v. ERNEST L. BEPPLE, *Respondent.*

*Paul Klasen, Prosecuting Attorney,* by *John J. Hilzer, Deputy,* for appellant.

*Collins & Hansen,* by *Nels A. Hansen,* for respondent.

ROSELLINI, J.—The respondent was arrested by a Washington State patrolman and charged with the offense of driving while under the influence of intoxicating liquor and/or drugs and for violation of RCW 9.69.040, making it unlawful to resist a police officer in the performance of his duty.

After the arrest the arresting officer left the court's copy of the uniform traffic complaint and citation with another officer of the State Patrol, who filed it with the district court within the time required by rule T2.04 of the Justice Court Traffic Rules. This officer had been designated by his

former supervisor to handle court matters, including the filing of complaints and citations. He continued in the performance of these duties under the present supervisor.

The respondent filed in the Grant County District Court a motion to dismiss for noncompliance with the traffic rules for justice court, claiming that the court lacked jurisdiction. After hearing, this motion was dismissed and the respondent filed a petition for extraordinary writ of review and stay of proceedings in the Superior Court for Grant County. A hearing before that court resulted in dismissal of the action.

The State appealed to the Court of Appeals which certified the case to this court for decision.

The appellant assigns as error the ruling of the court that the duty to file the court's copy of the complaint and citation was a nondelegable duty under rule T2.04, which reads in pertinent part:

(a) **Deposit in Court.** Every traffic enforcement officer upon issuing a traffic complaint and citation to an alleged violator of any provision of the motor vehicle laws of this state or of any traffic ordinance of any city, town or county, shall deposit the complaint and the abstract of court record copy of such traffic complaint and citation with a court having jurisdiction over the alleged offense or with its traffic violations bureau. This duty may be performed by the officer's supervisor. In either case, deposit as directed must be made within 48 hours after issuance of the traffic complaint and citation, nonjudicial days excluded.

. . .

(c) **Improper Disposal of Traffic Complaint and Citation Tickets.** It shall be unlawful and official misconduct for any traffic enforcement officer or other officer or public employee to dispose of a traffic complaint and citation or copies thereof or of the record of the issuance of the same in a manner other than as required herein.

As we have stated, the officer's supervisor in this case had designated a subordinate to perform the function of filing court copies of complaints and citations. The appellant maintains that the function of depositing the copy is a

purely ministerial one and therefore properly could be delegated.

■ The duty of an officer is ministerial, where the law prescribes and defines a duty which is to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment. *Kruse v. Lovett*, 52 Wn.2d 215, 324 P.2d 819 (1958), 55 C.J.S. *Mandamus* §§ 63, 132.

The respondent does not deny that the duty imposed upon the officer or his supervisor under rule T2.04 allows no element of discretion and falls within the definition of the term ministerial. He nevertheless insists that the rule is mandatory and jurisdictional—that under its terms only the arresting officer himself or the supervisor himself can perform the ministerial function of depositing the court's copy with the court.

In *Storey v. Seattle*, 124 Wash. 598, 604, 215 P. 514 (1923), we upheld an ordinance of the City of Seattle authorizing the King County Humane Society, a corporation, to act as official poundmaster for the City, against a contention that the act unlawfully delegated a portion of the police powers of the City to the Humane Society. We quoted with approval the following from 1 *McQuillin on Municipal Corporations* 852 (1911), which states the governing rule as follows:

"The rule forbidding the delegation of power, stated and illustrated in prior sections, does not apply to the performance of purely ministerial duties. Such duties may be delegated. The law has always recognized and emphasized the distinction between instances in which a discretion must be exercised by the officer or department or governing body in which the discretion is vested, and the performance of merely ministerial duties by subordinates and agents. Therefore, the appointment of agents to carry out the authority of the council is entirely competent and does not violate the rule *delegatus non potest delegare*."

In *Roehl v. PUD 1*, 43 Wn.2d 214, 261 P.2d 92 (1953), this court said that unless the enabling legislation provides oth-

erwise, those in whom such functions repose may delegate to others the performance of a purely ministerial or administrative nature.

Rule T2.04 does not expressly prohibit the supervisor from assigning the clerical duty of depositing complaints and citations to one of his subordinates and we can conceive of no rational purpose to be served by such a restriction. The record shows that in this case many duties in or about the courthouse were assigned to the officer who was termed the "court officer" and this was done in the interest of efficient administration of the various duties of the State Patrol. The respondent does not claim to have suffered the slightest harm by reason of the fact that an officer other than an arresting officer performed the mechanical act of dropping the complaint and citation in the court's file.

Reading the rule as a whole, as well as RCW 46.64 upon which it is based, will reveal that the manifest purpose of the requirement that the arresting officer or the supervisor promptly deposit a copy of the complaint and citation with the court was to assure that after an arrest is made a ticket will not be destroyed or otherwise disposed of in response to threats, bribes or undue influence. This purpose is made clear by rule T2.04(c), making it official misconduct for an officer to improperly dispose of a traffic complaint.

The rule was not designed as a procedural technicality to be used by a defendant. Rule T2.04(a) does not provide that the depositing of the court's copy as directed therein shall be a condition precedent to the prosecution of the complaint, nor is there any other expression of an intent that this provision shall be deemed jurisdictional.

But assuming that the depositing of the complaint within the time prescribed in this section to be jurisdictional, the section was complied with. The act of the designated subordinate was in law the act of the supervisor.

The judgment of the Superior Court for Grant County is reversed, the prosecution is reinstated, and the cause is remanded to the District Court for Grant County.

STAFFORD, C.J., and FINLEY, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.