[No. 1115-3. Division Three. July 7, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. PAUL WALTER REID, *Appellant*.

*Richard A. Perry*, for appellant.

*Granville Egan, Prosecuting Attorney*, for respondent.

McINTURFF, C.J.—The defendant was found guilty of grand larceny. He appeals.

Because our decision rests upon the construction of CrR 3.3, it is unnecessary to state the facts relating to the grand larceny charge. The facts necessary to our decision are stated chronologically:

October 20, 1973—Defendant was arrested.

October 26, 1973—Defendant refused arraignment in Okanogan County because he wanted to be arraigned in Ferry County, where he was arrested.

November 8, 1973—Defendant was arraigned, requested a speedy trial, and counsel was appointed. The case was set for trial on December 20, 1973.

November 28, 1973—Defendant pleaded not guilty by reason of insanity.

December 17, 1973—A letter from John M. Lambert, M.D., a psychiatrist, to the prosecuting attorney indicated that the examination with the defendant was terminated at the request of the defendant's attorney and possibly would be rescheduled later.

December 19, 1973—Defendant moved to dismiss for failure to have the matter brought to trial within 60 days as required by CrR 3.3(c). Motion was denied.

December 20, 1973—An order was entered appointing a sanity commission, granting a stay of proceedings, the continuance was granted for an indefinite period pursuant to the order to stay proceedings, and defendant's motion to dismiss was denied because of his refusal to be examined by the sanity commission.

January 9, 1974—An order to stay proceedings was entered placing the case on the trial calendar subject to call on two grounds: (1) a material witness (the complaining witness, Mr. Sublie) was unavailable, being in the hospital; and (2) the defendant had refused to be examined by the psychiatrist appointed by the court.

January 10, 1974—Defendant was examined by a psychiatrist.

January 21, 1974—The result of the psychiatric examination was received by the county clerk.[1]

---

[1]This court requested information as to the date the result of the psychiatric examination was available to the court. The letter from Sol Levy, M.D., was dated January 1, 1974, and the county clerk file stamp indicates receipt January 21, 1974.

February 13, 1974—Defendant moved to dismiss for failure to bring the case to trial within 60 days as required by CrR 3.3(c).

February 14, 1974—Defendant's motion was denied, basically because the trial court felt that the delay was the result of defendant's own actions.

March 12, 1974—The defendant's trial took place.

CrR 3.3(c) provides:

Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance.

There can be no doubt that the period of time from November 28, 1973, until January 21, 1974, can properly be excluded from the time requirement found in CrR 3.3(c). CrR 3.3(d)(1), (e). However, computing the minimum periods of time as follows:

| | | |
|---|---|---|
| 11/8/73 to 11/28/73 | Date of arraignment to plea of not guilty by reason of insanity | 20 days |
| 1/21/74 to 3/12/74 | Receipt of result of psychiatric examination to trial | 50 days |

the court had 40 days after receipt of the result of the psychiatric examination to bring the case on for trial. In *State v. Williams*, 85 Wn.2d 29, 31-32, 530 P.2d 225 (1975), the court stated:

If the trial court delayed the setting of the appellant's case for one of these reasons, the record does not show it. When the court exercises the discretion granted under these rules, *it should make a record of its act and its reason*, so that the matter can be subjected to appellate review if proper application is made.

(Italics ours.) The *Williams* case further stated at page 32:

If continuances are necessary, they should be sought or entered upon formal motion, with the reasons therefor being made a matter of record.

Accordingly, the *Williams* case requires that we reverse the defendant's conviction because no justification for noncompliance with CrR 3.3 (c) was shown.

■ It is true that the defendant did delay the trial by his own actions in failing to cooperate with the sanity commission, but that delay can only be accounted for through January 21. Although the delay caused by the unavailability of the complaining witness was reasonable, there is nothing in the record to indicate how long Mr. Sublie was in the hospital, or even that the trial was continued for that reason beyond January 21. There is nothing in the record after January 21 that would indicate any reason for the additional 10 day delay. The trial docket may have been crowded but there is no evidence of such justification in the record. Since the defendant properly moved for dismissal prior to trial, his right to speedy trial under CrR 3.3 was properly asserted. ABA Standards Relating to Speedy Trial § 4.1, at 41 (approved draft 1968); Annot. 57 A.L.R.2d 302, 336 (1958).

Judgment of the superior court is reversed, and the action against the defendant is dismissed.

MUNSON, J., concurs.

GREEN, J. (concurring)—I concur for the reason stated in my concurring opinion in *State v. Espeland*, 13 Wn. App. 849, 537 P.2d 1041 (1975).