[No. 1705-3. Division Three. December 1, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. ERNEST L. BEPPLE, *Petitioner*.

*Collins & Hansen* and *Nels Hansen*, for petitioner.

*Paul A. Klasen, Jr., Prosecuting Attorney,* and *John J. Hilzer, Deputy,* for respondent.

MUNSON, J.—We granted petitioner, Ernest L. Bepple, a writ of certiorari to review a denial of his motion to dismiss a traffic complaint because his case had not been tried within 60 days of his preliminary appearance pursuant to JCrR 3.08.[1] We find his contention, under the circumstances set forth below, to be without merit.

On May 17, 1974, petitioner was arrested and charged with driving while intoxicated and resisting a police officer. On May 24, 1974, he appeared through counsel and filed a "Notice of Special Appearance"[2] challenging the jurisdiction of the District Court to entertain the complaint for failure to comply with JTR 2.04. The District Court rejected his contention; on June 14, 1974, the Superior Court granted review and subsequently found for the petitioner, dismissing the complaint. The State appealed; the Supreme Court reversed, reinstated the prosecution, and remanded the cause to the District Court for Grant County. *State v. Bepple,* 85 Wn.2d 378, 535 P.2d 813 (1975).

On July 8, 1975, the District Court received the remand and the clerk set trial for August 22, 1975. Petitioner filed a pretrial motion to dismiss, pursuant to JCrR 3.08 for failure to try his case within 60 days, based on the computation

---

[1] "Continuances may be granted to either party for good cause shown. Also, the court, on its own motion, may postpone the trial for good and sufficient reason. In either case, the continuance or postponement must be to a date certain. If the defendant is not brought to trial within 60 days from the date of appearance, except where the postponement was requested by the defendant, the court shall order the complaint to be dismissed, unless good cause to the contrary is shown. Dismissal under such circumstances shall be a bar to further prosecution for the offense charged." Amended July 14, 1966, effective August 1, 1966.

[2] "PLEASE TAKE NOTICE of this special appearance by Ernest L. Bepple, Defendant, by and through his attorneys of record, Collins and Hansen. This special appearance is made by the Defendant to contest the arresting officer's compliance with the rules of traffic court and the jurisdiction of this court in this matter."

noted below. The motion was denied by both the District Court and the Superior Court for Grant County.

Petitioner contends the ultimate trial date of August 22, 1975, excluding those periods of time the matter had been outside the jurisdiction of the District Court, is 65 days from his "Special Appearance," *i.e.*, a 20-day period from May 24, 1974, to June 14, 1974, and 45-day period from July 8, 1975, to August 22, 1975. Thus, having not been tried within 60 days and giving the State the benefit of all excluded time, the court was required to dismiss the case with prejudice.

The purpose of JCrR 3.08 is to guarantee to the accused a speedy trial. Here, petitioner's election to seek appellate review prior to a hearing on the merits resulted in a 14-month delay of his trial; he will not be heard to complain that the failure of the court to count the first 20 days after his initial appearance is prejudicial to him. Carrying petitioner's contention to its ultimate: (1) had his initial trial been set for the 59th day; (2) had he challenged the court's jurisdiction on the day of trial; and (3) had he sought appellate review as he did here, the District Court would have had to try him on the day after the Supreme Court remanded his case. To give validity to petitioner's contention would be unreasonable and outside the spirit of JCrR 3.08.

It was the petitioner's actions that interfered with his right to a speedy trial. Upon remand, his right to a speedy trial again became operative, requiring the court to try him within 60 days of the date it regained jurisdiction. The trial date of August 22, 1975, was 45 days from the date of reinstatement of jurisdiction on July 8, 1975; therefore, it was within the 60-day period required under JCrR 3.08.

Judgment is affirmed; the case is remanded to the District Court for Grant County for trial within 60 days of the District Court regaining jurisdiction of this matter.

McINTURFF, C.J., and GREEN, J., concur.