[No. 2021–3. Division Three. June 7, 1977.]

THE STATE OF WASHINGTON, *Appellant*, v. STANLEY D. TAYLOR, *Respondent*.

---

*C. J. Rabideau, Prosecuting Attorney,* and *Dan F. Hult-grenn, Deputy,* for appellant.

*Michael Johnston* and *Campbell, Johnston & Roach,* for respondent.

PER CURIAM.—Defendant was arrested on July 15, 1975, and charged in district court with driving while under the influence of intoxicants. The next day he appeared and entered a plea of not guilty. On July 30, the case was set for trial commencing August 14. Defense counsel, by letter dated July 31, requested the district court set another trial date since he would be out of town until August 18. It was

not until September 29 that the court set the trial for October 10.

Shortly after July 31, the district judge disqualified himself from hearing the case. Although neither party requested that he do so, the district judge waited several weeks hoping the parties would settle the matter by negotiation and when that failed, he sought another judge. His efforts to obtain another judge are disclosed in his affidavit as follows: (1) a contact with one district judge in his area who indicated he could not hear the matter; (2) telephone calls to two district judges in Walla Walla, both of whom were unable to lend assistance; and (3) at the suggestion of a Walla Walla judge, a telephone call to Judge Mullins in Yakima who indicated he could hear the case. He advised the county commissioners by letter on September 17 that he had obtained a district court judge from Yakima to hear the case, and requested authority to reimburse his expenses.[1] The commissioners approved this request on September 18. Before trial on October 10, defense counsel moved the district court to dismiss on the ground that the defendant was not brought to trial within 60 days as required by JCrR 3.08. The district court denied the motion and upon trial defendant was convicted. On appeal to superior court, the motion to dismiss was granted. We affirm.

---

[1]RCW 3.34.140 provides:

"Any justice of the peace may hold a session in any justice court district in the state, at the request of the justice or majority of justices in such district if the visiting justice of the peace determines that the state of justice court business in his district will permit him to be absent: *Provided*, That the board of county commissioners of the county in which such justice court is located shall first approve such temporary absence and no justice of the peace pro tempore shall be *required to serve during his absence.* A visiting justice shall be entitled to his actual traveling and living expenses while so acting, to be paid by the visited district: *Provided*, That no such traveling or living expenses shall be paid to the visiting justice unless the county commissioners of the county in which the visited district is located shall have consented and approved thereto prior to such visit.

JCrR 3.08 provides:

> Continuances may be granted to either party for good cause shown. Also, the court, on its own motion, may postpone the trial for good and sufficient reason. In either case, the continuance or postponement must be to a date certain. *If the defendant is not brought to trial within 60 days from the date of appearance, except where the postponement was requested by the defendant, the court shall order the complaint to be dismissed, unless good cause to the contrary is shown.* Dismissal under such circumstances shall be a bar to further prosecution for the offense charged.

(Italics ours.) The State contends that (1) since defendant requested a continuance, the requirements of the rule were waived; and (2) in any event, good cause existed for delay.

■ With respect to the claimed waiver of the rule, it is clear that defendant did not request a trial date beyond the 60–day rule. The letter request from defense counsel was simply that the case be set after August 18, rather than on August 14. This notification was given to the district court on July 31, the day following the notice of setting. Thereafter, the district judge informed counsel that "it would be impossible [for him] to serve as judge" if the matter was contested. It is apparent that the delay occurred because the district court judge disqualified himself from hearing the case. There is nothing in the record to support the contention that defense counsel's letter caused the delay beyond the 60–day requirement of the rule.[2]

■ Next, the State contends there was good cause for delay because of the difficulty encountered in obtaining a qualified judge. First, it should be noted that general claims of court congestion, lack of judicial manpower and like causes do not constitute good cause for delay in bringing

---

[2]*State ex rel. Rushmore v. Bellevue Dist. Justice Court,* 15 Wn. App. 675, 552 P.2d 693 (1976), relied upon by the State is not controlling because there the defendant specifically requested a setting date beyond the 60–day limit, resulting in a waiver of the rule. Here, no such request exists; rather, the court, pursuant to defendant's request, could have promptly set the case within the requirements of the rule.

defendants to trial under CrR 3.3, unless supported by adequate facts. *State v. Espeland,* 13 Wn. App. 849, 537 P.2d 1041 (1975); *State v. Reid,* 13 Wn. App. 855, 537 P.2d 799 (1975). We see no reason for not applying similar standards in cases involving JCrR 3.08.

Here, we do not find sufficient facts to support the good–cause contention. According to the affidavit of the district court judge, "I waited several weeks to determine first of all if this matter would be determined by negotiation." Apparently, this long wait occurred shortly after July 31 when this judge announced his disqualification to both parties. There is nothing in the record to indicate that either party contemplated negotiation or requested that the matter be delayed to allow for negotiation. At most, it was only the court's hope that the matter would be resolved through negotiation. Consequently, after the lapse of several weeks when it was apparent the matter would not be settled by negotiation, the district court judge began attempting to locate another judge to hear the case. It is apparent that the delay was caused by the failure of the district court judge to *immediately* seek a replacement.

Further, following defense counsel's notification to the court on July 31 that he would not be available until after August 18, the case was not continued to a time certain as required by the rule. JCrR 3.08 requires that "the continuance or postponement must be to a *date certain.*" (Italics ours.)

It has been repeatedly held that the rules governing courts of limited jurisdiction are mandatory and the failure to strictly comply with the rules results in a dismissal. *See State v. Sodorff,* 84 Wn.2d 888, 529 P.2d 1066 (1975); *State v. Carmody,* 75 Wn.2d 615, 452 P.2d 959 (1969); *State v. Gregory,* 74 Wn.2d 696, 446 P.2d 191 (1968). Likewise, the speedy trial rule applicable to superior courts, CrR 3.3, has been strictly enforced and noncompliance results in a dismissal. *State v. Williams,* 85 Wn.2d 29, 530 P.2d 225 (1975); *State v. Goldthorpe,* 14 Wn. App. 268, 540 P.2d 455 (1975), *review denied,* 88 Wn.2d 1006 (1977); *State v.*

*Espeland, supra; State v. Reid, supra; State v. Jack,* 87
Wn.2d 467, 553 P.2d 1347 (1976).[3] Therefore, JCrR 3.08
must be strictly enforced. On the record before us, we con-
clude that good and sufficient reason for the delay in viola-
tion of JCrR 3.08 has not been shown.

Affirmed.

Petition for rehearing denied July 6, 1977.

Review denied by Supreme Court December 2, 1977.

---

[3]*Seattle v. Crockett,* 87 Wn.2d 253, 551 P.2d 740 (1976); and *State ex rel.
Moore v. Houser,* 16 Wn.2d 363, 556 P.2d 556 (1976), are factually distinguishable
and therefore do not control the outcome in this case.