[No. 2275–3. Division Three. June 22, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. THOMAS J. BARTON, JR., *Appellant.*

*Edward B. Critchlow* and *Critchlow, Williams, Ryals & Schuster,* for appellant.

*Curtis L. Ludwig, Prosecuting Attorney,* for respondent.

GREEN, J.—Discretionary review was granted by the Commissioner to consider one question:

> When a mistrial has been declared because a jury cannot reach a verdict, do the time limits of CrR 3.3 run anew from the date of the mistrial to the date of the second trial?

Defendant was charged with second–degree murder as a result of a shooting on August 21, 1976. He entered a preliminary appearance on August 23, and was released on bail. Trial commenced November 1 and on November 5, a mistrial was declared because the jury was unable to reach a verdict. The Court Administrator scheduled the case for retrial on February 7, 1977, 94 days after the mistrial was declared. On February 4, defendant, based upon CrR 3.3(b) moved to dismiss the charge for the reason that he had not been retried within 90 days. This motion was denied. On review, the defendant does not claim that his constitutional right to speedy trial was denied or that he was in any way prejudiced; he only alleges a denial of the right conferred by CrR 3.3. We affirm the trial court's denial of the motion and remand for trial.

 It is clear from a reading of CrR 3.3 that it does not directly or even inferentially cover retrials following mistrials. In pertinent part, CrR 3.3 provides:

> **(b) Time Limit.** A criminal charge shall be brought to trial within *90 days following the preliminary appearance.*

**(g) Dismissal With Prejudice.** A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice.

(Italics ours.) Since the defendant was "brought to trial within 90 days following the preliminary appearance", he cannot claim a violation of the rule.

Notwithstanding, defendant contends that *State v. Striker,* 87 Wn.2d 870, 873–74, 557 P.2d 847 (1976), requires that we adopt section 2.2(c) of the *ABA Standards Relating to Speedy Trial* (Approved Draft, 1968), which, among others, declares the 90–day provision applicable to retrials following mistrials.[1] Therefore, defendant argues that the action should be dismissed. We disagree.

The language in *Striker,* upon which defendant relies, is as follows:

> A majority of this court has twice indicated that the ABA standards should be consulted where a hiatus appears in CrR 3.3.
>
> . . .
>
> While those cases [*State v. Elizondo,* 85 Wn.2d 935, 540 P.2d 1370 (1975); and *State v. Parmele,* 87 Wn.2d 139, 142, 550 P.2d 536 (1976)] do not dispose of the question presented here, they point to a source which this court should consult for guidance where a situation arises which was not contemplated by the rules and not covered by a statute which is in harmony with the rules.

In our view, this language applies to the *interpretation* of a rule that becomes unclear in light of a particular factual situation within the terms of the rule. It does not apply to the *creation* or *adoption* of a rule governing a *new* subject. The power to *create* and *adopt* new rules of the type in question resides with the Supreme Court. We do not

---

[1]Section 2.2(c) of the standards provides:

"The time for trial should commence running, without demand by the defendant, as follows:

". . .

"(c) *if the defendant is to be tried again following a mistrial,* an order for a new trial, on an appeal or collateral attack, *from the date of the mistrial,* order granting a new trial, or remand." (Italics ours.)

believe that *Striker* intended to delegate that rule–making power to the superior court or to this court. Moreover, in our view the *creation and adoption,* in contrast to the interpretation, *of new rules should not be accomplished by ad hoc judicial decision.*[2]

CrR 3.3 does not cover the area of retrials after mistrials, new trials, or remands for new trials following an appeal. There is nothing in CrR 3.3 that would allow us, as a matter of *interpretation,* to utilize section 2.2(c) of the standards in resolving the issue before this court. To apply the standards in this case would require us to *adopt* them as a new rule. As previously noted, this court does not have that rule–making power.[3] Even if we had the power, we would not apply such a rule retroactively so as to cause a dismissal of the charge against this defendant where there is no prejudice to him and no contention that his *constitutional* right to speedy trial has been denied. Retroactive application of such a rule in these circumstances would clearly thwart the public's interest in effective law enforcement and interfere with the orderly administration of justice.

Remanded for trial.

MUNSON, C.J., concurs.

McINTURFF, J. (dissenting in part)—From the inception of *State v. Williams,* 85 Wn.2d 29, 530 P.2d 225 (1975), our courts have strictly construed the time limits in relation to the right of a defendant to a speedy trial. I know of no

---

[2]*State v. Bepple,* 14 Wn. App. 491, 542 P.2d 1260 (1975), cited in the dissent, does not involve rule–making nor the *adoption* of a new rule. That case only stands for the proposition that JCrR 3.08 requiring a trial within 60 days of the defendant's appearance is not triggered by his *special* appearance challenging jurisdiction. Hence, the court was not creating a new rule; it only recognized that JCrR 3.08 did not become operative until after the remand. Moreover, the defendant in *Bepple* never had a trial.

[3]Adoption of section 2.2(c) of the standards in the normal course of the Supreme Court's rule–making process would not be inconsistent with the underlying philosophy of CrR 3.3(b).

deviation from that general philosophy.[4] I dissent for three reasons.

First, there is no provision under CrR 3.3, absent the excluded time periods under subsections (d) and (e), for the trial of a defendant to occur within a period of more than 90 days. The lack of a specific rule relating to mistrials does not prevent reasoning to the obvious conclusion that, absent justification under the rule, there must be a retrial within 90 days following a mistrial. This stems from the consistently strict construction of the speedy trial rules and principles in such cases as *State v. Williams, supra* at 32:

> A showing of prejudice to the defendant is unnecessary. . . .
> The purpose of the rule is to insure speedy justice in criminal cases, insofar as reasonably possible.

and *State v. Striker,* 87 Wn.2d 870, 877, 557 P.2d 847 (1976):

> The petitioners do not claim that their defense was prejudiced by the delay. Nevertheless, past experience has shown that unless a strict rule is applied, the right to a speedy trial as well as the integrity of the judicial process, cannot be effectively preserved.

Secondly, since *Williams,* our Supreme Court repeatedly has referred to the ABA standards for guidance on issues not covered specifically by the rules or statute.[5] Although it could be said that the explicit notice in *Striker,* that resort should be had to ABA standards, came only a month prior to the end of the 90–day period in this case, certainly the prior cases were adequate notice that the standards, which

---

[4]*See State v. Goldthorpe,* 14 Wn. App. 268, 540 P.2d 455 (1975), *review denied,* 88 Wn.2d 1006 (1977).

[5]In *State v. Elizondo,* 85 Wn.2d 935, 937, 540 P.2d 1370 (1975), the court said:
The commentary to the ABA standards make clear that only if a defendant continues within the control of the court until the filing of a charge is the time counted from the date when a defendant is held to answer. ABA Standards Relating to Speedy Trial (Approved Draft No. 19 (1968)).

specifically contemplate mistrials,[6] should be used for guidance.

Thirdly, our court in *State v. Bepple,* 14 Wn. App. 491, 493, 542 P.2d 1260 (1975), reached the conclusion which could be analogized to this case:

> Upon remand [from the Supreme Court], his right to a speedy trial again became operative, requiring the [District Court] to try him within 60 days of the date it regained jurisdiction.

There we set the speedy trial time clock running again after a remand as I would do here after a mistrial. I do not understand the reluctance of my brothers to engage in similar reasoning here in light of what we accomplished unanimously in *Bepple.* There was no rule there requiring a trial within 60 days of remand, just as there is no rule here to mandate a retrial within 90 days following a mistrial. We did not resort to the ABA guidelines then nor need we do

---

In *State v. Parmele,* 87 Wn.2d 139, 142, 550 P.2d 536 (1976), the court said:

> An appearance in justice court pursuant to JCrR 2.03 triggers the time limits of CrR 3.3(b). . . . In the *Elizondo* case, although the court did not decide whether the "held to answer" concept is implicit in CrR 3.3, it approved of the concept as recognized by the American Bar Association in its Standards Relating to Speedy Trial (Approved Draft No. 19 (1968)). The commentary indicates that if at the time of filing of a criminal charge a defendant is being "held to answer"—whether in custody or released on bail or personal recognizance—for a crime, then the time for trial commences to run from the date the defendant was held to answer. *Accord, State v. Elizondo, supra.*

Finally, in *State v. Striker,* 87 Wn.2d 870, 873–74, 557 P.2d 847 (1976), the court said:

> A majority of this court has twice indicated that the ABA standards should be consulted where a hiatus appears in CrR 3.3.
>
> . . .
>
> *While those cases do not dispose of the question presented here, they point to a source which this court should consult for guidance where a situation arises which was not contemplated by the rules and not covered by a statute which is in harmony with the rules.*
>
> *The ABA standards not only indicate that the time for bringing a case to trial should date from the filing of the indictment or information, where it is filed prior to arrest, but they also provide that failure to bring the matter to trial within the time limited should result in absolute discharge. ABA Standards Relating to Speedy Trial § 4.1 (Approved Draft, 1968). This latter standard has been expressly adopted by this court (CrR 3.3(b)).*

(Italics ours. Footnote omitted.)

[6]See footnote 1.

so now even though both situations are aptly covered by section 2.2(c) of the standards.

I therefore cannot reason to any other conclusion that a retrial, after a mistrial, must occur within a maximum period of 90 days. It is inconceivable to me why a longer time span is necessary. The prosecution and the defense are prepared enough to have already engaged in one attempt to resolve the charges against the defendant. He, having endured the anxiety and public suspicion attendant to being charged, is twice more exposed to the mental anguish of, first, a trial without a verdict and, then, another delay prior to the second trial. Furthermore, in a mistrial there must have been enough reasonable doubt that the defendant committed the crime to prevent a 12–man jury from resolving the question of his guilt. And, of course, the interests of the public in a speedy disposition of criminal charges have not been served under our rules.[7]

Regardless of the wisdom of a quantitative speedy trial time rule, our Supreme Court has strictly enforced CrR 3.3 and has directed us for guidance to the ABA standards. Under the law as I construe it, I am constrained to hold that the defendant should be dismissed; but I would not apply this decision retroactively.

Reconsideration denied July 13, 1977.

Review granted by Supreme Court December 16, 1977.

---

[7]For a discussion of the countervailing considerations involved in speedy trial questions, see *Barker v. Wingo,* 407 U.S. 514, 532–33, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972), and the ABA standards at pages 10–11.