[No. 2275-3.   Division Three.   February 24, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS J. BARTON, JR., *Appellant*.

323

Edward B. Critchlow and Critchlow, Williams, Ryals & Schuster, for appellant.

Curtis L. Ludwig, Prosecuting Attorney, for respondent.

GREEN, J.—Defendant was charged with second–degree murder as the result of a shooting on August 21, 1976. He was released on bail after a preliminary appearance on August 23. Trial commenced on November 1, and on November 5 a mistrial was declared because the jury was unable to reach a verdict. The case was set for retrial on February 7, 1977, by the Court Administrator—94 days after the mistrial was declared. On February 4, the 91st day following mistrial, defendant moved for dismissal based upon that portion of CrR 3.3, reading:

(b) **Time Limit.** A criminal charge shall be brought to trial within 90 days following the preliminary appearance.
. . .

(g) **Dismissal With Prejudice.** A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice.

His sole claim is that his retrial should have occurred within 90 days and, since it was not scheduled for trial until

the 94th day, it should be dismissed. Defendant does not claim that he was prejudiced in any other way. The trial court denied the motion. We affirmed the denial in *State v. Barton,* 17 Wn. App. 846, 565 P.2d 830 (1977), holding, as did the trial judge, that CrR 3.3 did not cover the problem of retrial. Because this court does not have rule–making authority, we declined to make CrR 3.3 applicable to retrials following mistrials, stating that even if we did have such authority, we would not adopt such a rule and then apply it to otherwise valid prior actions of the trial court so as to result in a dismissal in this case.

Defendant petitioned the Supreme Court for review. While that petition was pending, *State v. Aleshire,* 89 Wn.2d 67, 568 P.2d 799 (1977), was decided. The question of whether CrR 3.3 applied to retrials was one of the issues presented. The court, in *Aleshire,* recognized at page 69, as we did in *Barton,* that "CrR 3.3 does not address the problem of a retrial if the initial 'speedy trial' ends in a mistrial." It then observed that courts differ over the time within which a retrial must occur, and finally concluded that the retrial should occur within the time periods specified in CrR 3.3, commencing with the date of the mistrial:

> Within what time must the retrial occur? Some courts have allowed the time for retrial to be set within the discretion of the court, *e.g., Ruester v. Turner,* 250 So. 2d 264 (Fla. 1971). We believe it preferable that certainty prevail by *adopting* a definite time period for the retrial. That period should be the same applicable period set for the original trial. And, the time for retrial should commence running from the date of the mistrial. Thereafter, all provisions of CrR 3.3 should be applicable. Other courts have reached comparable results. *State v. Wright,* 234 N.W.2d 99 (Iowa 1975); *State v. Fromkin,* 174 Neb. 849, 120 N.W.2d 25 (1963). And such a rule is recommended by the ABA standards for speedy trial, upon which CrR 3.3 is based. *ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial* §§ 2.1, 2.2(c) (Approved Draft, 1968).

(Italics ours.) *State v. Aleshire, supra* at 69. Aleshire's conviction was affirmed, his retrial having occurred within 60

days of the mistrial. The question of whether this newly adopted *procedural* rule ought to impair prior trial court decisions was left unanswered.

Following this decision, the Supreme Court ruled on the petition for review in the instant case. The court granted the petition "only to remand to the Court of Appeals with direction to reconsider." Our reconsideration, in light of *Aleshire*, presents only one question:

> Should the rule adopted in *Aleshire* be applied to prior actions of the trial court in good faith and without notice so as to cause a dismissal of the second–degree murder charge filed against defendant Barton *merely* because the retrial was set 94 days, instead of within 90 days, after the mistrial?

We answer in the negative.

When CrR 3.3 was adopted, the Supreme Court wisely provided in CrR 1.3(a) that it would not affect acts done or actions taken before its effective date:

> *Any acts done* before the effective date in any proceedings then pending *or any action taken in any proceeding* pending under rules of procedure in effect *prior to the effective date of these rules . . . are not impaired by these rules.*

(Italics ours.) Those prior actions were to be governed by the former rules of criminal procedure, of which CrR 3.3 was not a part. The inherent fairness of this rule is apparent. Adequate notice is a cornerstone of due process. It would be manifestly wrong to adopt a technical rule of procedure and apply it so as to nullify otherwise valid acts of a trial court acting in good faith and without notice prior to its adoption. It is clear that CrR 1.3(a) was adopted to protect the important public interest in bringing criminal charges to a conclusion on the merits by not applying the court–made time limits of CrR 3.3 to acts done prior to its effective date.

In *Aleshire*, at page 69, the court clearly states that "CrR 3.3 does not address the problem of a retrial if the initial 'speedy trial' ends in a mistrial." It was not until September 15, 1977, in *Aleshire*, that the court adopted a *new* rule making the time periods provided in CrR 3.3 applicable to

retrials following mistrials. Surely, the effect of the adoption of this new rule ought to be the same as that of the original adoption of CrR 3.3. In other words, the rule adopted in *Aleshire* should not be applied to "any acts done before . . . [*Aleshire* was decided] in any proceeding pending under rules of procedure in effect prior to . . . [the decision in *Aleshire*]." Here, defendant's retrial was set and his motion to dismiss denied long before *Aleshire* adopted the *new* rule. Hence, by virtue of CrR 1.3(a), the *new* rule *adopted* in *Aleshire* does not require a dismissal in this case.

This determination is in accord with the public interest and the announced purpose of the rules of criminal procedure. CrR 1.2 provides:

> These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure *simplicity* in procedure, *fairness* in administration, *effective* justice, and the elimination of unjustifiable expense and delay.

(Italics ours.) Obviously, the trial court had no notice that CrR 3.3 would govern a retrial following a mistrial because, as noted in *Aleshire*, CrR 3.3 did not cover the problem. Further, courts in other jurisdictions were not in agreement upon the time within which a retrial should occur. To require the trial court to anticipate which of these procedural rules the Supreme Court would ultimately adopt, if any, would neither "secure *simplicity* in procedure" nor promote "*fairness* in administration" nor would it provide "*effective* justice." To apply the new rule of *Aleshire* to this case would be to change the rule in the middle of the game. This we should not do when, as here, there is no constitutional or other prejudice claimed by defendant.

For the foregoing reasons, we hold that the application of the *Aleshire* decision is governed by CrR 1.3, and thus does not affect the retrial setting in this case or nullify the trial court's denial of defendant's motion to dismiss.

Affirmed.

MUNSON, C.J., concurs.

McINTURFF, J. (dissenting)—I again respectfully dissent in this case from the opinion of my friends and colleagues.

The application of CrR 3.3 to retrial, following a mistrial, does not require a *new* rule. It merely involves a common-sense interpretation of our state's speedy trial rule as recognized in the following dicta in *State v. Aleshire,* 89 Wn.2d 67, 69, 568 P.2d 799 (1977):

> We believe it preferable that certainty prevail by adopting a definite time period for the retrial. That period should be the same applicable period set for the original trial. And, the time for retrial should commence running from the date of the mistrial. Thereafter, all provisions of CrR 3.3 should be applicable. Other courts have reached comparable results.

I adhere to my earlier dissent in *State v. Barton,* 17 Wn. App. 846, 565 P.2d 830 (1977), and reiterate the following from page 852:

> I therefore cannot reason to any other conclusion that a retrial, after a mistrial, must occur within a maximum period of 90 days. It is inconceivable to me why a longer time span is necessary. The prosecution and the defense are prepared enough to have already engaged in one attempt to resolve the charges against the defendant. He, having endured the anxiety and public suspicion attendant to being charged, is twice more exposed to the mental anguish of, first, a trial without a verdict and, then, another delay prior to the second trial. Furthermore, in a mistrial there must have been enough reasonable doubt that the defendant committed the crime to prevent a 12-man jury from resolving the question of his guilt. And, of course, the interests of the public in a speedy disposition of criminal charges have not been served under our rules.

(Footnote omitted.)

Reconsideration denied March 31, 1978.

Review granted by Supreme Court September 22, 1978.