[No. 6637–1.   Division One.   September 4, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. GORDON
LINDBO, *Appellant.*

*Kathryn Ross* of *Snohomish County Public Defender
Association,* for appellant.

*Russ Juckett, Prosecuting Attorney,* and *Seth Dawson,
Deputy,* for respondent.

WILLIAMS, J.—The complaint charging Gordon Lindbo with driving while intoxicated was dismissed by Everett District Court pursuant to JCrR 3.08, because Lindbo had not been tried within 60 days. The State's application for a writ of certiorari to Superior Court was granted and that court reversed and remanded the case to district court for trial.

Lindbo was cited for driving while intoxicated on January 9, 1978, in Everett. The same day the complaint was erroneously filed in Evergreen District Court and Lindbo appeared and was assigned a trial date of February 9, 1978. On February 1, he moved for a change of venue to the proper district court. On February 9, 1978, the motion was granted and the cause was transferred to Everett District Court. Trial was subsequently set for April 3, 1978, which was 84 days from Lindbo's initial appearance in the improper district court, but only 53 days from the change of venue. On the date of trial, the district court dismissed the complaint pursuant to JCrR 3.08, because Lindbo had not been tried within 60 days.

Although a district court has criminal jurisdiction over any misdemeanor committed in its county, the State is required to commence such actions in the district where the alleged violation occurred. RCW 3.66.060 and RCW 3.66-.070. If an action is commenced in the improper district court, either party may request removal to a proper district court. RCW 3.66.080. JCrR 3.08 requires the defendant to be brought to trial within 60 days "except where the postponement was requested by the defendant". Generally, when the defendant moves for a change of venue which results in a trial delay, such delay is chargeable to the defendant and cannot be used in computing the time for a speedy trial. *Cody v. Justice Ct. of Vacaville Judicial Dist.,* 238 Cal. App. 2d 275, 47 Cal. Rptr. 716 (1966); 22A C.J.S. *Criminal Law* § 471 (1961). Because the postponement in this case was necessitated by Lindbo's request for a change of venue, that delay should not be considered in computing the time for trial. By excluding the time between Lindbo's

appearance and the venue change, the case came to trial on the 53rd day and JCrR 3.08 was not violated. The same result is reached by commencing anew the running of the 60–day period from the date of change of venue.

Lindbo argues that because it was the error of the State that necessitated the change of venue, the postponement should not be deemed to be at his request. Lindbo was not required to seek a change of venue. When a defendant seeks appellate review prior to trial or obtains a mistrial, the time for retrial commences running from the date of remand or mistrial. *State v. Bepple,* 14 Wn. App. 491, 542 P.2d 1260 (1975); *State v. Aleshire,* 89 Wn.2d 67, 568 P.2d 799 (1977). Had the State set out to circumvent Lindbo's right to a speedy trial by deliberately filing the cause in the wrong district court the result would be different. *See State v. Aleshire, supra* at 70.

Affirmed.

FARRIS and ANDERSEN, JJ., concur.

Reconsideration denied November 6, 1979.

Review granted by Supreme Court February 15, 1980.