[No. 46729.   En Banc.   July 31, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. GORDON
LINDBO, *Petitioner.*

*Kathryn Ross* of *Snohomish County Public Defender Association,* for petitioner.

*Russ Juckett, Prosecuting Attorney,* and *James B. Roche, Deputy,* for respondent.

DOLLIVER, J.—Defendant Gordon Lindbo was cited for driving while intoxicated on January 9, 1978, in Everett, Washington. The same day the complaint was erroneously filed in Evergreen District Court. Lindbo appeared and was assigned a trial date of February 9, 1978. On January 13, 1978, counsel for defendant was appointed. A motion for a change of venue to the proper district court pursuant to RCW 3.66.080 was filed on February 1, 1978. The motion was granted on the date of trial, February 9, 1978, and the case was transferred to Everett District Court.

Evergreen District Court did not send a certified copy of defendant's transcript and files to Everett District Court until February 28, 1978. The materials arrived on March 1, and 2 days later Everett District Court set defendant's trial for April 3, 1978. The trial date was 84 days from defendant's initial appearance in Evergreen District Court but only 53 days from the court's order granting the transfer to proper venue. On the day of trial, Everett District Court granted defendant's motion to dismiss the complaint pursuant to JCrR 3.08 because the case had not been tried within 60 days.

The State filed a writ of certiorari in the Snohomish County Superior Court seeking to reinstate the charge. The Superior Court granted the writ, reversed the District Court order and remanded the case for trial. Defendant appealed and the Court of Appeals affirmed the judgment of the Superior Court. *State v. Lindbo,* 24 Wn. App. 539, 603 P.2d 1269 (1979). We reverse.

JCrR 3.08 states:

> Continuances may be granted to either party for good cause shown. Also, the court, on its own motion, may postpone the trial for good and sufficient reason. In either case, the continuance or postponement must be to a date certain. If the defendant is not brought to trial within 60 days from the date of appearance, except where the postponement was requested by the defendant, the court shall order the complaint to be dismissed, unless good cause to the contrary is shown. Dismissal under such circumstances shall be a bar to further prosecution for the offense charged.

█ Defendant's trial on April 3, 1978, was 84 days from his first court appearance in Evergreen District Court on January 9, 1978. Therefore, the motion to dismiss must be granted unless "the postponement was requested by the defendant" or "unless good cause to the contrary is shown." Violation of JCrR 3.08 absolutely terminates the litigation with prejudice. *State ex rel. Moore v. Houser,* 91 Wn.2d 269, 588 P.2d 219 (1978); *State v. Mack,* 89 Wn.2d 788, 576 P.2d 44 (1978). No showing of prejudice to defendant is required. *State ex rel. Moore v. Houser, supra.*

█ The Court of Appeals held, "Because the postponement in this case was necessitated by Lindbo's request for a change of venue, that delay should not be considered in computing the time for trial." *Lindbo,* at 540. We disagree. Defendant's request for a change to proper venue was not a request for a postponement or a continuance. Rather, he was exercising his right to be tried in the proper court. Our statutes state that, "All criminal actions *shall* be brought in the justice court district where the alleged violation occurred". (Italics ours.) RCW 3.66.070. They further provide that, "If a criminal action is commenced in an improper district under RCW 3.66.070, the justice court of the district may of its own volition or at the request of either party order the case removed for trial to a proper district." RCW 3.66.080. Even though the Evergreen District Court had jurisdiction (*State v. Miller,* 59 Wn.2d 27, 365 P.2d 612 (1961)), defendant was entitled to proper

venue. His assertion of this statutory right for proper venue is not a "postponement . . . requested by the defendant" under JCrR 3.08.

█ In addition, defendant's request for a transfer to proper venue did not necessitate the delay of his trial beyond the 60–day limit of JCrR 3.08. When the motion to correct the venue was granted on February 9, 1978, 29 days of the 60–day period remained during which the trial could have been scheduled.

In an analogous case, *State v. Taylor*, 17 Wn. App. 736, 565 P.2d 102, *review denied*, 89 Wn.2d 1010 (1977), the defendant's trial was set on August 14, 1975. By letter, defense counsel requested the District Court to schedule another trial date since he would be out of town until August 18. The court waited, however, until September 29 to set the trial for October 10, 1975. Defendant moved to dismiss on the ground that he was not brought to trial within the 60 days as required by JCrR 3.08. In response, the State contended that, since defendant requested a continuance, the requirements of the rule were waived. Defendant's motion to dismiss was granted and the Court of Appeals affirmed, holding, "[I]t is clear that defendant did not request a trial date beyond the 60–day rule. . . . There is nothing in the record to support the contention that defense counsel's letter caused the delay beyond the 60–day requirement of the rule." *Taylor*, at 739.

Likewise, there is nothing in the record of the present case to support the finding that defendant's request to be tried in the proper court caused the trial to be delayed beyond 60 days. In the language of JCrR 3.08, the State has shown no "good cause" why the complaint should not be dismissed. The court had 29 days after the motion was granted to schedule the trial before a violation of JCrR 3.08 would have occurred. No indication is given that this could not have been done. Even though the Evergreen District Court failed to send the transcript and files to the Everett District Court until February 28, 1978, when the transcript did arrive in Everett District Court on March 1, 1978, 10 of

the original 60 days remained in which the defendant could have been tried. There is no evidence the court attempted to schedule defendant's trial within this 10–day period.

The State alleges that the application of the 60–day limitation of JCrR 3.08 to a change of proper venue under RCW 3.66.080 would produce an unfair result: for instance, a defendant could wait until the 59th day to request a transfer to the proper court. *See State v. Bepple,* 14 Wn. App. 491, 542 P.2d 1260 (1975). That circumstance is not, of course, part of this case. We note, however, that under JCrR 3.08, the complaint must be dismissed if defendant is not brought to trial within 60 days of his appearance unless *good cause* to the contrary is shown. Clearly, if defendant had deliberately waited until the 59th day to seek a change to correct the venue, the State would have a compelling argument that good cause existed to set the trial beyond the 60th day.

The Court of Appeals is reversed and defendant's complaint is dismissed with prejudice.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, HOROWITZ, HICKS, and WILLIAMS, JJ., concur.