[No. 10183–8–I. Division One. April 27, 1983.]

JAMES HARKINS, *Appellant,* v. SOUTH DISTRICT JUSTICE COURT, ET AL, *Respondents.*

*David A. Leen* and *Leen & Moore, Inc., P.S.,* for appellant.

*Mark A. Eames,* for respondents.

SCHOLFIELD, J.—James Harkins appeals from an order finding that the South District Justice Court properly denied his motion to dismiss for violation of JCrR 3.08.

The following facts are undisputed:

November 19, 1980   Defendant was arrested and charged with driving while under the influence. He was released after signing an agreement to appear in Edmonds Municipal Court on December 1, 1980.

December 1, 1980   Defendant appeared pro se, pleaded not guilty, and was given a trial date of January 5, 1981.

December 8, 1980   The Edmonds Municipal Court system was declared unconstitutional by this court in *State ex rel. Farmer v.*

*Edmonds Mun. Court,* 27 Wn. App. 762, 621 P.2d 171 (1980).

December 26, 1980   Defendant was mailed a notice from South District Court of a case setting informing him that the case had been transferred and was now scheduled for trial for January 13, 1981.

January 2, 1981   Defendant's attorney sent a written notice of appearance and written request for jury trial.

January 12, 1981   Defendant's counsel was informed orally that the request for jury trial had been denied. The docket entry in district court states: "*Atty calls.* [T]rial in Seattle cont'd until tomorrow. [R]eq. cont. for trial this case. O.K. per WLW [Judge W. Laurence Wilson] to continue. Confirmed new TD [trial date] of 2/10–9:30. Send NCS [notice case setting]."

January 13, 1981   Notice of case setting sent to defendant's attorney and received by the defendant's counsel on January 14, 1981, setting the case for February 10, 1981.

February 1, 1981   Sixty days expired.

February 10, 1981   On the date of trial, defendant moved to dismiss, alleging a violation of JCrR 3.08, which was denied. He was found guilty on a stipulated record, and sentence was imposed.

February 17, 1981   A writ of review was issued by the Superior Court for Snohomish County.

April 27, 1981   An order entered entitled "Order Denying [Defendant's] Motion to Dismiss" finding that the district court properly denied defendant's motion to dismiss for violation of JCrR 3.08.

■ The first issue is whether the defendant's application for a writ of certiorari was defective because it was supported by an affidavit of defendant's attorney and not the defendant. In *State ex rel. Alladio v. Superior Court*, 17 Wash. 54, 48 P. 733 (1897), the court rejected a similar argument made with reference to an application for a writ of prohibition. The court in *Alladio* stated at page 55:

> The hearing before us was had upon notice, and the respondent appeared and resisted the granting of the writ, first on the ground that the application was insufficient for the reason that the affidavit was not made by the defendant in the action, but was made by his attorney. We think this was a sufficient compliance with the statute. The application was on the part of the defendant, the person beneficially interested. The facts set forth in the affidavit were within the knowledge of the person making it, for the notice was served upon him and the defendant was not in a position to make the affidavit for want of personal knowledge of the facts.

Although the court in *Alladio* was concerned with the statutory requirements for a writ of prohibition, both the statute authorizing a writ of prohibition and the statute authorizing a writ of certiorari require an application be made on affidavit by the party beneficially interested. RCW 7.16.050. As in *Alladio,* we hold an application supported by an affidavit of defendant's attorney is sufficient. *See also* CR 11.

The primary issue presented is whether the case should have been dismissed because the State did not comply with JCrR 3.08, which provides, in part:

> If the defendant is not brought to trial within 60 days from the date of appearance, except where the postponement was requested by the defendant, the court shall order the complaint to be dismissed, unless good cause to the contrary is shown. Dismissal under such circumstances shall be a bar to further prosecution for the offense charged.

The defendant's date of appearance was December 1, 1980, the date he appeared in Edmonds Municipal Court and entered a plea of not guilty. *State v. Ogden,* 97 Wn.2d

731, 649 P.2d 639 (1982). His trial of February 10, 1981, was therefore beyond the 60–day period, and the case should have been dismissed under JCrR 3.08 unless the City demonstrated that the postponement was either "requested by the defendant" or "good cause" was shown. *State v. Lindbo,* 94 Wn.2d 112, 614 P.2d 1277 (1980).

The City argues that the defendant's request for continuance made 1 day prior to trial was a postponement requested by the defendant and there was "good cause" for the change of trial date to a date beyond the 60–day period. We agree.

In *State ex rel. Rushmore v. Bellevue Dist. Justice Court,* 15 Wn. App. 675, 552 P.2d 693 (1976), the court held that JCrR 3.08 had not been violated because the defendant's request for a trial date beyond the 60–day period constituted a waiver. In *State v. Taylor,* 17 Wn. App. 736, 565 P.2d 102 (1977), the court held that the defendant's request for continuance did not result in a waiver because the record did not show that the continuance *caused* the trial to be set beyond the 60–day requirement. The court in *Taylor* stated at page 739:

> With respect to the claimed waiver of the rule, it is clear that defendant did not request a trial date beyond the 60–day rule. The letter request from defense counsel was simply that the case be set after August 18, rather than on August 14. This notification was given to the district court on July 31, the day following the notice of setting. Thereafter, the district judge informed counsel that "it would be impossible [for him] to serve as judge" if the matter was contested. It is apparent that the delay occurred because the district court judge disqualified himself from hearing the case. *There is nothing in the record to support the contention that defense counsel's letter caused the delay beyond the 60–day requirement of the rule.*

(Footnote omitted. Italics ours.)

Here, the record supports the conclusion that the defendant's request for a continuance 1 day before the originally scheduled trial date caused the case to be set

beyond the 60–day limit. We can infer from the affidavit of Judge Wilson that the trial date of February 10 was the first available trial date in the calendar dates reserved for cases in which the City of Edmonds was the plaintiff.

Trial calendar control and management necessarily involves the exercise of judicial discretion. A trial judge's determination to change a trial date will not be disturbed on appeal in the absence of a showing of an abuse of discretion.

*State ex rel. Rushmore v. Bellevue Dist. Justice Court,* *supra* at 677. We hold that when a defendant, who has been given a trial date within the time prescribed by JCrR 3.08, requests a continuance, and the trial court in its discretion sets a new trial date on the next available date consistent with established calendar scheduling, the delay is attributable to the defendant. To hold otherwise could result in the denial of continuances to accommodate defendants, a result which could be more prejudicial than the delay.

We take judicial notice of the fact that the overcrowding of calendars in our municipal and justice courts has resulted in serious court congestion. Under JCrR 3.08, a defendant must be tried within 60 days of date of appearance, and court congestion is not good cause for setting the case beyond this period. *State v. Mack,* 89 Wn.2d 788, 576 P.2d 44 (1978). However, once a trial date within the 60–day period is continued at the defendant's request and a new trial date is set on the first available date, the requirements of the rule have been met.

Further, the record shows that after the defendant's attorney orally requested a continuance, the clerk made the following docket entry: "*Atty calls.* [T]rial in Seattle cont'd until tomorrow. [R]eq. cont. for trial this case. O.K. per WLW [Judge W. Laurence Wilson] to continue. Confirmed new TD [trial date] of 2/10–9:30. Send NCS [notice case setting]." The record also shows that on January 13, after oral confirmation, a written notice was sent to the defendant's attorney setting the case for February 10, 1981, which

was received on January 14. The defendant had time to object to the February 10 trial date well in advance of the expiration of the 60 days and thereby afford the court an opportunity to set a trial date within the 60 days if it was reasonably possible to do so.[1]

Affirmed.

DURHAM, A.C.J., and SWANSON, J., concur.

Reconsideration denied May 25, 1983.

Review denied by Supreme Court July 19, 1983.

---

[1]While it is not applicable here, we note CrR 3.3(f), providing for waiver of any objection to a trial date based on the 60/90–day rule if the objection is not made within 10 days of notification of the trial date.