**UNITED STATES of America, Appellee,**

v.

**Odie Lee JORDAN, Appellant.**

**No. 79–1174.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1979.

Decided July 18, 1979.

Certiorari Denied Oct. 1, 1979.
See 100 S.Ct. 165.

Roger R. Fagerberg, St. Louis, Mo., filed brief for appellant.

Robert D. Kingsland, U.S. Atty., and Timothy J. Wilson, Asst. U.S. Atty., St. Louis, Mo., filed brief for appellee.

Before GIBSON, Chief Judge, HEANEY, Circuit Judge, and MacLAUGHLIN, District Judge.*

MacLAUGHLIN, District Judge.

Defendant was convicted upon a two-count indictment charging him with unlawful possession of stolen mail in violation of 18 U.S.C. § 1708. On appeal, he cites as error the denial by the District Court of his pretrial motion for severance. He also challenges the sufficiency of evidence supporting his convictions by citing as error the denial of his motions for acquittal at the end of the Government's case, at the close of the evidence, and after the jury returned its verdicts. We affirm.

The two counts arose from nearly identical incidents occurring on April 6 and April 8 of 1977 in St. Louis, Missouri. On each date a teen-aged girl cashed at a pipe shop a state welfare check which had been stolen from the mail. Each of the girls testified that defendant drove her to a destination where he provided her with funds to obtain a false identification card, and then drove her to the pipe shop where the check was cashed with the aid of the card. Defendant testified as to both counts, acknowledging that he transported the girls but denying knowledge of the stolen checks or any other impropriety.

Fed.R.Crim.P. 8(a) permits joinder of offenses in the same indictment if the offenses charged "are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Since the offenses charged here are identical and were alleged to occur two days apart in a similar manner, they were sufficiently related to comprise a common scheme or plan and to make joinder proper. See, e. g., United States v. Riley, 530 F.2d 767, 770 (8th Cir. 1976); United States v.

---

* The Honorable Harry H. MacLaughlin, United States District Judge, District of Minnesota, sitting by designation.

*Simon,* 453 F.2d 111, 113–14 (8th Cir. 1971); *United States v. Hastings,* 577 F.2d 38, 40 (8th Cir. 1978); *United States v. Rabbitt,* 583 F.2d 1014, 1021 (8th Cir. 1978), *cert. denied,* 439 U.S. 1116, 99 S.Ct. 1022, 59 L.Ed.2d 75 (1979). Pursuant to Fed.R. Crim.P. 14, defendant sought severance of the counts before trial on the ground that he more likely would be convicted because of introduction of evidence on another count. Because defendant did not renew his motion for severance at the end of the Government's case or at the conclusion of all the evidence, he has waived his demand for separate trials. *See, e.g., United States v. Robertson,* 588 F.2d 575, 577 (8th Cir. 1978); *United States v. Johnson,* 540 F.2d 954, 959 (8th Cir. 1976), *cert. denied,* 429 U.S. 1025, 97 S.Ct. 647, 50 L.Ed.2d 628 (1977). But even if we reach the merits of defendant's contention, we find no error. Relief from prejudicial joinder may be granted in the discretion of the district court upon a finding of undue prejudice. Denial of severance is not a ground for reversal unless clear prejudice indicating an abuse of discretion is shown. *United States v. Wedelstedt,* 589 F.2d 339, 343 n.4 (8th Cir. 1978); *United States v. Pietras,* 501 F.2d 182, 185 (8th Cir.), *cert. denied,* 419 U.S. 1071, 95 S.Ct. 660, 42 L.Ed.2d 668 (1974). "It is not enough simply to show that . . . joinder makes it more difficult to defend." *Johnson v. United States,* 356 F.2d 680, 682 (8th Cir.), *cert. denied,* 385 U.S. 857, 87 S.Ct. 105, 17 L.Ed.2d 84 (1966). Because evidence of the other incident would properly have been admissible under Fed.R.Evid. 404(b) to demonstrate intent and knowledge in a separate trial of either count, defendant cannot complain of prejudice in defending against both counts in one trial. *See United States v. Riley,* 530 F.2d 767, 770 (8th Cir. 1976); *United States v. Rabbitt,* 583 F.2d 1014, 1022 (8th Cir. 1978), *cert. denied,* 439 U.S. 1116, 99 S.Ct. 1022, 59 L.Ed.2d 75 (1979); *Drew v. United States,* 118 U.S.App.D.C. 11, 331 F.2d 85 (1964); *United States v. Jamar,* 561 F.2d 1103 (4th Cir. 1977).

Nor do we find error in the denial of defendant's motions for judgment of ac-quittal. Each motion was premised on the alleged incredibility of the inculpatory testimony of the two teen-aged girls who cashed the stolen welfare checks. We have carefully examined the record and find no hint of inconsistency in the testimony of either which would have warranted taking evaluation of their credibility from the jury. Indeed, when the evidence is viewed in the light most favorable to the Government, as it must on a motion for judgment of acquittal, *e.g., United States v. Wyant,* 576 F.2d 1312, 1315 (8th Cir. 1978), it is ample to sustain the convictions.

Affirmed.