**Russell P. SUNDBERG, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 6018.**

Court of Appeals of Alaska.

Dec. 23, 1982.

Dana Fabe, Public Defender, Anchorage, for appellant.

Elizabeth H. Sheley, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before COATS and SINGLETON, JJ., and BUCKALEW, Superior Court Judge.*

OPINION

SINGLETON, Judge.

Russell P. Sundberg was convicted of burglary not in a dwelling, former AS 11.-20.100, and given a five-year sentence. Sundberg was caught in the act of burglarizing a business establishment. During his capture, he was shot by one of the arresting officers. He successfully argued to the trial court that the officers used excessive force in accomplishing the arrest and, as a result, the trial court held that Sundberg had been illegally arrested and suppressed all evidence obtained as fruit of the illegal arrest. The state petitioned the supreme court for review of this order. The supreme court granted the petition and reversed, holding that the evidence was improperly suppressed. *State v. Sundberg*, 611 P.2d 44 (Alaska 1980). In holding the suppression order improper, the supreme court indicated that it had not been persuaded that the police were customarily us-

ing excessive force in making arrests. On remand, Sundberg sought to show that the police in fact were frequently using excessive force in making arrests. The trial court refused to consider this offer of proof, and Sundberg petitioned this court for review of that order. We denied review. Sundberg was then tried and convicted of the burglary. He appeals alleging that his conviction was barred by Criminal Rule 45(g) which provides:

> *Absolute Discharge.* If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, the court upon motion of the defendant shall dismiss the charge with prejudice. Such discharge bars prosecution for the offense charged and for any other lesser included offense within the offense charged.

The time for trial mentioned in this rule is 120 days from the date of initial arrest. *See* Alaska R.Crim.P. 45(c). Sundberg was arrested on April 30, 1978, and his trial commenced on March 16, 1981, roughly three years thereafter. He concedes, however, that the bulk of the intervening time was properly excluded from consideration under Rule 45 by the terms of Rule 45(d) which exclude certain periods—for example, where motions regarding the accused are pending. Sundberg's arguments regarding treatment of the various blocks of time under Rule 45 can best be charted as follows:

| | April 30, 1978 | Arrest and beginning of 120-day rule |
|---|---|---|
| 45 days elapsed | | |
| | June 14, 1978 | Defendant's motion to continue omnibus hearing |
| Tolled | | |
| | July 25, 1978 | Defendant's motion to continue omnibus hearing |
| Tolled | | |
| | August 3, 1978 | Defendant's motion to continue omnibus hearing |

---

* Buckalew, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

| | | Tolled | |
| --- | --- | --- | --- |
| | August 8, 1978 | | Defendant's motion to continue omnibus hearing |
| | | Tolled | |
| | August 9, 1978 | | Defendant's waiver of time until after December 1, 1978 |
| | | Tolled | |
| | November 22, 1978 | | Stay of trial granted |
| | | Tolled | |
| | May 19, 1980 | | Alaska Supreme Court mandate issued |
| 44 days elapsed | | | |
| | July 2, 1980 | | Defendant's waiver of time until October 13, 1980 |
| | | Tolled | |
| | August 7, 1980 | | Defendant's motion to supplement record on motion to suppress |
| | | Tolled | |
| | September 19, 1980 | | Defendant's motion to supplement record denied |
| | | Tolled | |
| | October 13, 1980 | | Trial stayed |
| | | Tolled | |
| | November 7, 1980 | | Defendant's petition for review denied |
| 40 days elapsed | | | |
| | December 17, 1980 | | Defense motion to withdraw as counsel |
| | | Tolled | |
| | December 23, 1980 | | Defendant ordered to API for competency exam |
| | | Tolled | |
| | January 20, 1981 | | Defendant found competent; case set on for calendar call |
| | | Tolled | |
| | January 27, 1981 | | Hearing at which March 16 date set |
| 48 days elapsed | | | |
| | March 16, 1981 | | Trial date |
| 176 | Total days elapsed | | |

Sundberg argues that 176 days chargeable to the state elapsed between the time he was arrested and the time he was tried, thus barring his prosecution. The trial court included the forty-five days from Sundberg's arrest until his first motion. However, he found that the period of time during which this case was pending on the two petitions for review was a delay resulting from the respective petitions. Specifically, he excluded the forty-four days which elapsed from receipt of the supreme court's mandate on May 19, 1980 until July 2, 1980 and the forty-day period that elapsed from November 7, 1980 until December 17, 1980. The state confesses error on this period of exclusion, and after considering the record we accept this concession. *See Marks v. State,* 496 P.2d 66, 67–68 (Alaska 1972). Judge Carlson concluded that a minimum of thirty days was necessary for the state to mobilize its resources for trial after the

supreme court issued its decision, and an additional thirty days was necessary for the same purpose after this court issued its order denying defendant's petition for review. We agree with the trial court that "[t]he period of delay resulting from" a petition for review encompasses more than merely the time necessary to rule on the petitions for review and includes "all subsequent delay which is occasioned by and attributable to" the petitions in question. *Cf. Russell v. Municipality of Anchorage,* 626 P.2d 586, 589 (Alaska App.1981) (period of delay resulting from defendant's absence includes delay beyond period of actual unavailability); *but cf. Vail v. State,* 599 P.2d 1371, 1379–80 (Alaska 1979) (excluded period includes entire time supreme court is considering petition for review). Nevertheless, the state concedes, and we hold, that it was under an obligation to present evidence that it needed a specific period of time for mobilization of its resources to try Sundberg in order to avail itself of this provision and that it failed to do so. Despite prompting from the trial court, the prosecutor did not submit affidavits or otherwise establish that any specific period of time was necessary to gather its witnesses and proceed to trial. In the absence of such evidence, we hold that the period in question was improperly excluded.

 Criminal Rule 45(d)(3) excludes from consideration under the rule a period of time resulting from a continuance granted at the request of the prosecution. However, this time is only excluded if the continuance is granted because of the unavailability of evidence material to the state's case, the prosecuting attorney has exercised due diligence to obtain such evidence, and there are reasonable grounds to believe that such evidence will be available at the later date. We believe a similar showing was required here. Consequently, we accept the state's concession of error and hold that the trial court erred in excluding the forty-five days that elapsed between May 19, 1980 and July 2, 1980 and the forty days that elapsed between November 7, 1980 and December 17, 1980.

 This concession requires reversal and dismissal of the charges against Sundberg unless we conclude that the 120 day period commenced anew after the state won a reversal of Judge Carlson's suppression order. The state argues that we should reject Judge Carlson's conclusion that the forty-five days from April 30, 1978, when Sundberg was first arrested, to June 14, 1978, when he made his first motion to continue the omnibus hearing, should be included in the 120 day period allowed to try Sundberg. The state reasons that the 120 day period should have commenced anew after the supreme court issued its mandate reversing Judge Carlson's decision to suppress Sundberg's identification and remanding the case for trial. The state relies on Criminal Rule 45(c)(2) which provides in relevant part:

> The time for trial shall begin running, without demand by the defendant, as follows:
>
> . . . .
>
> (2) If the defendant is to be tried again following a mistrial, an order for a new trial, or an appeal or collateral attack, from the date of mistrial, order granting a new trial, or remand.

We reject this argument for two reasons. First, Sundberg was not "tried again." He was only tried once. Rule 45(c)(2) applies to the situation where a defendant obtains a new trial in the trial or appellate courts after the commencement of his first trial would otherwise have finally tolled Criminal Rule 45. In *State v. Barton,* 17 Wash. App. 846, 565 P.2d 830 (1977), Washington's counterpart to our Criminal Rule 45 was interpreted as having no application once the defendant is initially brought to trial even though his trial ends in mistrial. In that opinion, it is pointed out that the standards of the American Bar Association are to the contrary. Our rule is based on the American Bar Association Standards.

Secondly, Criminal Rule 45(d)(1) specifically addresses the question of interlocutory appeals. It provides in relevant part:

> (d) The following periods shall be excluded in computing the time for trial:

(1) The period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . interlocutory appeals, . . .

See *Vail v. State*, 599 P.2d 1371, 1379–80 (Alaska 1979).

We are reinforced in this conclusion by consideration of the derivation of Criminal Rule 45. Criminal Rule 45 is based upon the American Bar Association Standards relating to speedy trial. Rule 45(c) is based upon standard 12–2.2 which provides in relevant part:

12–2.2 When time commences to run

The time for trial should commence running, without demand by the defendant, as follows:

(a) from the date the charge is filed, except that if the defendant has been continuously held in custody or on bail or recognizance until that date to answer for the crime or a crime based on the same conduct or arising from the same criminal episode, then the time for trial should commence running from the date the defendant was held to answer;

(b) if the charge was dismissed upon motion of the defendant and thereafter the defendant was held to answer or charged with an offense, then the time for trial should commence running from the date the defendant was so held to answer or charged, as above; or

(c) if the defendant is to be tried again following a mistrial, an order for a new trial, or an appeal or collateral attack, then the time for trial should commence running from the date of the mistrial, order granting a new trial, or remand.

The standards contemplate three factual situations: first, where charges are filed and the case proceeds to trial, Standard 12–2.2(a); second, where charges are filed but a dismissal subsequently occurs prior to commencement of trial, Standard 12–2.2(b); and third, where charges are filed, the case proceeds to trial, but after commencement of trial proceedings terminate without a determination of guilt or innocence, Standard 12–2.2(c). Where prosecution is interrupted by a dismissal, the standards differentiate between dismissals procured by the defense and those procured by the prosecution. Where the defense procures the dismissal, the time limits begin to run anew if the defendant is held to answer, *i.e.*, if the dismissal is reversed on appeal or prosecution is otherwise reinstated. Where the dismissal is obtained by the prosecution, the situation is covered by Standard 12–2.3 which provides in relevant part:

The following periods should be excluded in computing the time for trial:

. . . .

(f) if the charge was dismissed upon motion of the prosecuting attorney and thereafter a charge is filed against the defendant for the same offense or an offense required to be joined with that offense, the period of delay from the date the charge was dismissed to the date the time limitations would commence running as to the subsequent charge had there been no previous charge; . . .

Finally, where the trial timely commences but is interrupted by a mistrial or a reversal after judgment, the time commences anew. Thus, the standards incorporate the state's theory.

In adopting these standards as Alaska's Criminal Rule 45, the supreme court made some significant deletions. Specifically, the supreme court deleted all of the language in 12–2.2(b), relating to dismissals procured by the defendant, and 12–2.3(f), excluding periods of time where dismissal is procured by the prosecution. In substitution, the supreme court added the following language to Rule 45(c)(1):

The arrest, arraignment, or service upon the defendant of a complaint, indictment or information, relating to subsequent charges arising out of the same conduct, or the refiling of the original charge, shall not extend the time, unless the evidence on which the new charge is based was not available to the prosecution at the time of the original commencement date of the 120 day period and a showing of due diligence in securing the defendant for the original charges is made by the prosecution; . . .

In summary, the supreme court's failure to enact the provisions from the ABA Standards set out above governing recommencement of the 120 day period where a dismissal is set aside or charges are reinstated (which incorporate the state's theory) establish that only the "delay resulting from" the dismissal was to be excluded. *See, e.g.,* Alaska R.Crim.P. 45(d)(1). We are satisfied that if the supreme court did not intend to require that the time begin anew after the state obtains a reversal of a dismissal on appeal, it necessarily follows that the supreme court did not intend that the period begin anew when the state obtains a reversal of a suppression order.

■ The state contends that Criminal Rule 45 is unconstitutional because it exceeds the supreme court's rule-making power in violation of article IV, § 15 of the Alaska Constitution. Similar challenges to court speedy trial rules have uniformly been rejected in other jurisdictions. *See, e.g., State ex rel. Maines v. Baker,* 254 So.2d 207 (Fla.1971); *State v. Estencion,* 625 P.2d 1040 (Hawaii 1981); *Commonwealth v. Lewis,* 295 Pa.Super. 61, 440 A.2d 1223 (Pa.Super.1982). The Alaska Supreme Court has on occasion invalidated one of its rules on constitutional grounds. *See, e.g., Etheredge v. Bradley,* 502 P.2d 146 (Alaska 1972). Nevertheless, we believe that challenges to rules enacted by the supreme court should be made in that court and that the hearing procedure established by Part III of the Appellate Rules provides the state an adequate procedure for testing its constitutional theory.

The judgment of the superior court is REVERSED and this case REMANDED for dismissal of the charges.

COATS, J., dissents.

BRYNER, C.J., not participating.

COATS, Judge, dissenting.

This is an unusual case which presented unusual legal complications. It took nearly three years for this case to come to trial. The first major delay in the case occurred when Sundberg filed a motion to suppress evidence on the ground that excessive force had been used to effectuate his arrest. Judge Carlson granted this motion. The state petitioned for review to the supreme court which reversed Judge Carlson's decision. *State v. Sundberg,* 611 P.2d 44 (Alaska 1980). The state was granted a stay of Sundberg's trial on this motion from November 22, 1978 to May 19, 1980 when the supreme court issued its mandate. After the case was returned to the trial court, another legal battle took place over whether Sundberg would be allowed, under the supreme court's decision, to attempt to prove that the state troopers and the Anchorage Police Department had frequently used excessive force in effectuating arrests. Sundberg moved to discover evidence relevant to this point and argued that he was entitled to have an evidentiary hearing on this issue. The trial court denied Sundberg's motions, and Sundberg again petitioned for review, this time to the court of appeals. The court of appeals refused to grant the petition. Sundberg's motion was filed on August 7, 1980, and his petition for review was denied on November 7, 1980. Following that legal battle, Sundberg's counsel filed a motion to withdraw from the case. Apparently Sundberg became dissatisfied with his attorney and wished to have another attorney appointed. The court then had Sundberg examined by a psychiatrist to determine if he was competent to stand trial. This was apparently done to determine whether Sundberg was competent to make a reasonable decision concerning his representation. The defense motion was filed on December 17, 1980, and Sundberg was found competent on January 20, 1981. Sundberg's case was set for calendar call on January 27, 1981. On that date, his trial was set for March 16, 1981.

Sundberg argues that out of the approximately three-year period that it took this case to come to trial, 176 days are chargeable to the state and thus the case should be dismissed for a violation of Alaska Criminal Rule 45. When this motion was presented to Judge Carlson, he concluded that when a trial is delayed for a period of time by a

petition for review, a certain amount of additional time should be chargeable to the petition for review other than the actual time during which the petition is pending in the appellate court. Judge Carlson ruled that the state should be allowed an additional period of time to assemble witnesses and to get the case set for trial after a petition for review. This is a well reasoned, common sense approach. The state represented, and the fact is not contested, that in order to try the case it had to call several out-of-state witnesses, including FBI agents. Criminal Rule 45(d)(1) provides that "[t]he period of delay *resulting from* other proceedings concerning the defendant, including but not limited to motions to dismiss or suppress, examinations and hearings on competency, the period during which the defendant is incompetent to stand trial, interlocutory appeals, and the trial of other charges" are to be excluded. (Emphasis supplied.) In *Russell v. Municipality of Anchorage*, 626 P.2d 586 (Alaska App.1981), this court recognized that the period of delay caused by the absence or unavailability of the defendant was a time period greater than just the time when the defendant was absent. In that case, we held that where the defendant did not appear for trial, the 120-day period began again when he was arrested following his failure to appear for trial. In order to decide this case it is not necessary to rule that the 120-day period starts again after

each petition for review. However, it certainly appears that the petitions for review in this case resulted in delay beyond the actual time during which the petitions were pending. When a party takes a petition for review to an appellate court, neither party knows when that petition will be resolved. The first petition for review took a year and one-half. As Judge Carlson pointed out, trials do not start instantly after such a long and unpredictable delay. Therefore, I would find, as did Judge Carlson, that more time was attributable to the petitions for review because of the difficulties in setting the case for trial and in scheduling out-of-state witnesses. In the instant case, even with all the delays caused by all the motions and petitions for review, the case is less than sixty days over the 120-day period. This is a case which has been delayed for approximately three years by various motions and petitions. I think Judge Carlson was correct in concluding that this sixty days was attributable to the delays caused by the petitions for review because of the difficulties in rescheduling the trial.[1] I would affirm Judge Carlson's ruling refusing to dismiss the case against Sundberg on speedy trial grounds.[2]

[1.] The state disagrees with Judge Carlson on exactly which time periods should be excluded because of the petitions for review. However, the state argues the same theory which Judge Carlson applied: that more delay is attributable to the petitions for review than the actual time during which they were pending. For instance, the state argues that after the first petition for review was decided, the court should have ruled that the 120-day period started over. Instead, Judge Carlson concluded that a forty-four day period of time from when the mandate was issued until a trial date was set should have been excluded from the 120-day period. Given the fact that this case was in the supreme court for a year and one-half on the first petition for review, it seems to me that a thirty-day period of delay in addition to the time the case was actually pending in the supreme court would be a reasonable period of additional delay to attribute to that petition for review. I

conclude that the trial judge could assume this period of delay resulted from the first petition for review without any additional proof from the state.

Similarly, it seems clear that at least an additional thirty-day period of time should be allowed to restart the proceedings after the second petition for review. This is particularly clear when the confusion created by Sundberg trying to discharge his counsel is considered along with the problems of trying to reset a trial which involves several out-of-state witnesses and which has been delayed for one reason or another for nearly three years.

[2.] The decision of the majority to dismiss on Criminal Rule 45 grounds disposes of this case. It is therefore unnecessary to decide the other issues Sundberg raises in his appeal.