Russell P. **SUNDBERG**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 6018.

Court of Appeals of Alaska.

Aug. 12, 1983.

Dana Fabe, Public Defender, Anchorage, for appellant.

Elizabeth H. Sheley, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before COATS and SINGLETON, JJ., and BUCKALEW, Superior Court Judge.*

## OPINION ON REHEARING

PER CURIAM.

Russell P. Sundberg was convicted of burglary not in a dwelling, former AS 11.-20.100, and given a five-year sentence. The facts of his case are set out at some length in our prior opinion and need not be re-

---

* Buckalew, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

peated here. *See Sundberg v. State,* 657 P.2d 843 (Alaska App.1982). Sundberg appealed his conviction alleging that it violated Criminal Rule 45, which requires that trial be held within 120 days of arrest, because 176 days, disregarding excluded periods, had elapsed between the date of his arrest and the date of his trial. We initially agreed and reversed. *Id.* Thereafter we granted the state's petition for rehearing to enable it to try to show if fifty-six days or more should have been excluded from consideration under Criminal Rule 45 as time reasonably necessary to enable the state to marshal its witnesses and prepare for trial. On remand, Judge Carlson held a hearing and based on the evidence introduced found that more than sixty days were required to set the case for trial. Sundberg challenges that conclusion.

In our initial decision we recognized that the state had in part conceded error on this point and stated:

> Nevertheless, the state concedes, and we hold, that it was under an obligation to present evidence that it needed a specific period of time for mobilization of its resources to try Sundberg in order to avail itself of this provision [Criminal Rule 45(d)(1) (excluding from consideration under the rule periods of delay resulting from other proceedings concerning the defendant)] and that it failed to do so. Despite prompting from the trial court, the prosecutor did not submit affidavits or otherwise establish that any specific period of time was necessary to gather its witnesses and proceed to trial. In the absence of such evidence, we hold that the period in question was improperly excluded.

*Id.* at 846. On reconsideration we have determined that our original holding was too inflexible when applied to the facts of this case. We note that Sundberg's case was pending from April 30, 1978, when he was arrested, until his trial on March 16, 1981, a period of almost three years, and that Sundberg concedes that at most only 176 days are properly chargeable to the state under Criminal Rule 45.

■ Common sense leads us to conclude that a trial court cannot immediately plug a case into its trial calendar after a remand. Some time is needed to ensure that the remanded case is worked into the trial calendar; the calendar may already contain a number of criminal cases equally entitled to consideration under Criminal Rule 45. In addition, the prosecution will need a reasonable time to marshall its witnesses, whether local or out of state, and adjust the remanded case to its own calendar of criminal cases, some of which may have Criminal Rule 45 claims. We adhere to our original decision that the 120-day period allowed by Criminal Rule 45 does not begin to run anew after remand following a petition for review. *Id.* at 846–47. Nevertheless, a reasonable time should be allowed the court and prosecution to get the case back on the calendar before Criminal Rule 45 begins to run again after remand from the appellate court.

■ We therefore affirm Judge Carlson's decision denying Sundberg's motion to dismiss for noncompliance with Criminal Rule 45 for the reasons set forth in Judge Coats' dissent to our original opinion, *id.* at 848–49, which we now adopt as the opinion of this court. Any language to the contrary in our prior opinion is expressly disapproved. We therefore hold:

> Given the fact that this case was in the supreme court for a year and one-half on the first petition for review, it seems to [us] that a thirty-day period of delay in addition to the time the case was actually pending in the supreme court would be a reasonable period of additional delay to attribute to that petition for review. [We] conclude that the trial judge could assume this period of delay resulted from the first petition for review without any additional proof from the state.
>
> Similarly, it seems clear that at least an additional thirty-day period of time should be allowed to restart the proceedings after the second petition for review. This is particularly clear when the confusion created by Sundberg trying to discharge his counsel is considered along

with the problems of trying to reset a trial which involves several out-of-state witnesses and which has been delayed for one reason or another for nearly three years.

*Id.* at 849 n. 1.

■ Since we have granted the state's petition for rehearing and modified in part our original decision rejecting Sundberg's arguments based upon Criminal Rule 45, it is necessary to address Sundberg's second issue. He contends that the trial court erred in refusing to allow an evidentiary hearing on police misconduct after remand from the supreme court. He relies on language in the supreme court's opinion in *State v. Sundberg,* 611 P.2d 44 (Alaska 1980), where the court rejected Sundberg's argument that alleged excessive force—being shot by a police officer acting to capture him for the burglary under consideration—required suppression of all evidence seized incident to that arrest. The court commented:

> On the other hand, we think it appropriate to caution that our holding is not immutable. In the event a history of excessive force arrests is shown, demonstrating that existing deterrents are illusory, we will not hesitate to reexamine the question of whether an exclusionary deterrent should be fashioned in the situation where evidence is obtained as a result of an arrest which is effectuated by excessive force.

*Id.* at 52 (footnote omitted).

■ Sundberg argues that this dicta required the trial court on remand to hold an evidentiary hearing at which Sundberg could proffer evidence to support a finding that the police had in fact established patterns of excessive force arrests antedating his arrest. The state counters in effect that the facts in question would be "legislative facts" [1] which are primarily for an appellate court rather than a trial court to determine.

*See State v. Erickson,* 574 P.2d 1, 4–7 (Alaska 1978). Consequently, the state contends Sundberg should have initially made a record before the trial court or, alternatively, either presented those facts to the supreme court in the form of a "Brandeis Brief," *see id.* at 5 n. 21, or in a petition for rehearing when the supreme court reached its decision, if, as Sundberg contends, the supreme court had not considered all of the relevant "legislative facts" in reaching that decision. In the absence of one of these alternatives, the state argues that Sundberg has effectively forfeited the right to present legislative facts. Judge Carlson agreed and so do we. We find that the supreme court was looking to the future and did not intend to give Sundberg another opportunity in the trial court to establish a justification for applying an exclusionary rule in his case.

The judgment of the superior court is AFFIRMED.

SINGLETON, J., concurring and dissenting.

BRYNER, C.J., not participating.

SINGLETON, Judge, concurring and dissenting.

For the reasons set out in our original opinion in *Sundberg v. State,* 657 P.2d 843, 845–46 (Alaska App.1982), I dissent. I agree with the court's disposition of the excessive force issue.

---

1. Adjudicative facts are those that must be found beyond reasonable doubt by the trier of fact before there can be a conviction. Legislative facts are those assumptions of fact, involving social, political, economic or scientific considerations, which a legislature or court makes in the course of reaching the policy decisions it articulates in the form of statutes and case decisions. *See State v. Erickson,* 574 P.2d 1, 4 n. 14 (Alaska 1978).