Eirik P. **PETERSEN**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. A–3394.

Court of Appeals of Alaska.

Sept. 4, 1992.

---

R. Scott Taylor, Kevin F. McCoy, Asst. Public Defenders, and John B. Salemi, Public Defender, Anchorage, for appellant.

W.H. Hawley, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.*

## OPINION

BRYNER, Chief Judge.

Eirik P. Petersen was charged with one count of sexual abuse of a minor in the first degree, AS 11.41.434, and two counts of sexual abuse of a minor in the second degree, AS 11.41.436. The first-degree sexual abuse charge and one of the second-degree sexual abuse charges related to Petersen's six-year-old niece, M.B. The remaining second-degree sexual abuse charge related to another six-year-old niece, S.K. The second-degree sexual abuse charge involving M.B. was dismissed. Petersen was convicted by a jury of the second-degree sexual abuse charge relating to S.K.; he was acquitted of the first-degree sexual abuse charge relating to M.B. Petersen appeals, contending that

the trial court erred in failing to dismiss his case for violation of Alaska's speedy trial rule. Petersen also contends that the court erred in failing to dismiss the count of the indictment relating to S.K. due to the prosecution's reliance on hearsay before the grand jury. Finally, Petersen argues that the court erred in refusing to sever the charges involving M.B. from the charge involving S.K. We affirm.

Petersen was arrested on November 10, 1986, and initially entered a plea of not guilty. On May 11, 1987, he changed his plea to no contest. While awaiting sentencing, Petersen moved to withdraw the no contest plea and reinstate his original plea of not guilty. His motion was granted on August 3, 1987. Eighteen days later, on August 20, 1987, Petersen moved for a continuance and entered a waiver of speedy trial for the resulting period of delay.

On October 2, 1987, the state moved for reconsideration of the order allowing Petersen to withdraw his no contest plea. The court granted the state's motion for reconsideration on October 22, 1987; Petersen's no contest plea was thus reinstated.

Almost nine months later, on August 11, 1988, Petersen was again allowed to withdraw his no contest plea (Petersen's sentence had not yet been imposed). On August 22, 1988, Petersen moved for a continuance until December 5, expressly waiving his right to a speedy trial until that time.

Thereafter, Petersen filed motions to dismiss and to sever. The court eventually dismissed the two counts relating to M.B. pursuant to an oral order, January 24, 1989, signed on April 5, 1989. The state reindicted on these counts on February 9, 1989. After reconsideration, the court reinstated the first-degree sexual abuse charge relating to M.B., and denied Petersen's motion to sever the charges relating to M.B. and S.K.

On January 23, 1989, Petersen moved to dismiss his charges, alleging a violation of his right to be tried within 120 days of his arrest, as provided for under Alaska Rule of Criminal Procedure 45. Judge Katz de-

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

nied Petersen's motion; allowing for various periods excludable under Alaska R.Crim.P. 45(d), Judge Katz calculated that seventeen days remained before the 120-day speedy trial period expired.

Petersen challenged this ruling on appeal, arguing that Judge Katz erred with respect to several excluded periods of delay. Petersen maintained that, with proper computation of excluded periods, 131 days had elapsed—eleven days over the allowable speedy trial limit. The state disputed Petersen's computation of excludable delay, arguing that a total of only 94 days had elapsed under the speedy trial rule.

In their original briefs, however, both Petersen and the state assumed that the speedy trial rule had commenced running immediately on both occasions when the superior court allowed Petersen to withdraw his no contest plea. We directed supplemental briefing on the following issue:

> When the defendant in a criminal case withdraws a plea of no contest or guilty, should the speedy trial rule be deemed to commence running again on the date withdrawal is allowed, or should a reasonable period of time be excluded to allow the case to be restored to the calendar and to accommodate the state's need to marshall its resources and prepare anew for trial?

Having reviewed the supplemental briefs, we conclude that this case is controlled by our decision in *Sundberg v. State,* 657 P.2d 843 (Alaska App.1982), *modified on reh'g,* 667 P.2d 1268 (Alaska App.1983). *Sundberg* dealt with the 120-day speedy trial period in the context of a case that had been interrupted twice by petitions for interlocutory appellate review by the Alaska Supreme Court. On appeal, this court considered the amount of delay properly excludable as a result of the petitions, an issue that required us to construe Alaska R.Crim.P. 45(d)(1), which provides:

> (d) *Excluded Periods.* The following periods shall be excluded in computing the time for trial:
>
> (1) The period of delay resulting from other proceedings concerning the defendant, including but not limited to motions to dismiss or suppress, examinations and hearings on competency, the period during which the defendant is incompetent to stand trial, interlocutory appeals, and trial of other charges....

We interpreted the statutory phrase "delay resulting from other proceedings concerning the defendant" to encompass not only the actual period when the petitions for review in *Sundberg* were pending, but also "all subsequent delay which [was] occasioned by and attributable to" the petitions. *Sundberg,* 657 P.2d at 846 (quoting *Russell v. Anchorage,* 626 P.2d 586, 589 (Alaska App.1981)).

Our original *Sundberg* opinion held that the state would be required to present evidence in each case establishing the "specific period of time [that] was necessary to gather its witnesses and proceed to trial." *Sundberg,* 657 P.2d at 846. We concluded that, absent such evidence, no period could be excluded beyond the time during which the petition for review was actually pending. *Id.* In dissent, Judge Coats argued for an automatic thirty-day exclusion:

> [A] thirty-day period of delay in addition to the time the case was actually pending in the supreme court would be a reasonable period of additional delay to attribute to that petition for review. I conclude that the trial judge could assume this period of delay resulted from the ... petition for review without any additional proof from the state.

*Id.* at 849 n. 1.

Following a petition for rehearing, we modified our original opinion, adopting the position originally advocated in Judge Coats' dissent. We held that, in the absence of specific proof, a thirty-day period in addition to the time during which each of Sundberg's petitions was pending could properly be excluded under Alaska R.Crim.P. 45(d)(1). *Sundberg,* 667 P.2d at 1270. In support of this conclusion, we stated:

> Common sense leads us to conclude that a trial court cannot immediately plug a case into its trial calendar after a remand. Some time is needed to ensure

that the remanded case is worked into the trial calendar; the calendar may already contain a number of criminal cases equally entitled to consideration under Criminal Rule 45. In addition, the prosecution will need a reasonable time to marshall its witnesses, whether local or out of state, and adjust the remanded case to its own calendar of criminal cases, some of which may have Criminal Rule 45 claims.

*Id.*

The circumstances of the present case are directly analogous to those in *Sundberg,* and we see no reason to reach a result different from the one we reached there. Petersen attempts to distinguish *Sundberg* by pointing out that the present case involves delays resulting from withdrawal of a no contest plea, not from the filing of a petition for review. This is a distinction without a difference. Petersen's case was twice interrupted by the entry of no contest pleas, which effectively terminated active prosecution of his charges. Both interruptions were for significant periods of time. Here, as in *Sundberg,* it would be unreasonable to expect the trial court, upon reinstatement of active prosecution, to be capable of immediately reinstating Petersen's case on the trial calendar. And here, as in *Sundberg,* we believe that "a reasonable time should be allowed the court and prosecution to get the case back on the calendar before Criminal Rule 45 begins to run...." *Sundberg,* 667 P.2d at 1270.

Petersen argues that no time beyond the date upon which his no contest pleas were withdrawn should be excluded absent proof that withdrawal of the pleas actually necessitated the delay. This argument, however, is virtually identical to the argument that we considered and rejected on rehearing in *Sundberg.* When a defendant is allowed to reinstate a plea of not guilty a substantial period of time after entering a plea of guilty or no contest, "it seems clear that at least an additional thirty-day period of time should be allowed to restart the proceedings...." *Sundberg,* 667 P.2d at 1270.[1] To hold otherwise would, in our view, serve only to discourage trial judges from permitting defendants to withdraw pleas of guilty or no contest, and to encourage unnecessary, delay-generating litigation on the appropriate period of exclusion in each case of a plea withdrawal.

Applying the *Sundberg* rationale to the circumstances of the present case, we conclude that Petersen's speedy trial right was not violated. Petersen's speedy-trial computation assumes that, on both occasions when the court allowed him to withdraw his plea of no contest, the 120–day period began to run immediately.

By Petersen's own reckoning, no more than 131 days of unexcluded delay occurred prior to his trial. Even assuming Petersen is correct in all other aspects of his computation, deducting the additional periods excludable under *Sundberg* brings Petersen's case well within the permissible 120–day speedy-trial limit.[2] Accordingly,

1. Relying on *Russell v. Anchorage,* 626 P.2d 586 (Alaska App.1981), the state argues that the 120–day speedy trial period should commence running anew when a defendant is allowed to withdraw a plea of guilty or no contest. For the reasons expressed in our initial opinion in *Sundberg,* 657 P.2d at 846–48, we decline to hold that reinstatement of a not guilty plea should automatically trigger a new 120–day period. We nevertheless note that our adoption in the present case of 30 days as a presumptively reasonable period of additional delay assumes the absence of specific evidence justifying exclusion of a greater period. In *Russell,* the defendant failed to appear for court. A substantial period of time elapsed before his eventual arrest on a bench warrant. We held that the specific circumstances of the case justified commencement

of a new 120–day period. Similarly, in cases involving withdrawal of a no contest or guilty plea, we would not foreclose the exclusion of a period in excess of 30 days under Alaska R.Crim.P. 45(d)(1) if exclusion of an extended period were supported by case-specific evidence.

2. Petersen's first motion to withdraw his no contest plea was granted on August 3, 1987. Eighteen days later, on August 21, Petersen moved for a continuance and entered into an express waiver tolling the 120–day speedy trial period from that date forward. Under *Sundberg,* the eighteen day period between August 3 and August 21 must also be excluded as "delay resulting from other proceedings concerning the defendant." Alaska R.Crim.P. 45(d)(1). Similarly, Petersen's second motion to withdraw his

the trial court did not err in denying Petersen's motion to dismiss on speedy trial grounds. .

■ Petersen's two remaining claims require only brief discussion. Petersen claims that the superior court erred in refusing to dismiss the count of his indictment relating to S.K. because the state presented the grand jury with a video tape of an interview with S.K., instead of live testimony. The superior court's order denying the motion to dismiss this charge was based on the court's conclusion that the video tape was sufficiently reliable and corroborated to warrant admission before the grand jury under AS 12.40.110(a):

> **Hearsay evidence in prosecutions for sexual offenses.** (a) In a prosecution for an offense under AS 11.41.410–11.41.440 or 11.41.455, hearsay evidence of a statement related to the offense, not otherwise admissible, made by a child who is the victim of the offense may be admitted into evidence before the grand jury if
>
> (1) the circumstances of the statement indicate its reliability;
>
> (2) the child is under 10 years of age when the hearsay evidence is sought to be admitted;
>
> (3) additional evidence is introduced to corroborate the statement; and
>
> (4) the child testifies at the grand jury proceeding or the child will be available to testify at trial.

Having reviewed the record, we are satisfied that the superior court did not abuse its discretion in determining the admissibility of this evidence before the grand jury. *See, e.g., Murray v. State,* 770 P.2d 1131, 1136 (Alaska App.1989). *Cf. In the Matter of A.S.W. and E.W.,* 834 P.2d 801, (Alaska 1992).

■ Petersen further contends that the superior court erred in refusing to sever the charge relating to S.K. from the charges relating to M.B. In our view, however, the issue is controlled by *Coleman v. State,* 621 P.2d 869, 874–75 (Alaska 1980). At the time the trial court issued its order denying Petersen's motion to sever, Petersen was apparently contemplating a defense of accident or inadvertence to the second-degree sexual abuse charges. Petersen expressly declined the court's invitation to stipulate that he did not intend to rely on such a defense. For this reason, under *Coleman,* the court did not abuse its discretion in ordering continued joinder.[3] Petersen ultimately decided not to defend on the basis of accident or inadvertence. However, at no point did he renew his request for severance. Under the circumstances, the trial court's failure to order severance *sua sponte* did not amount to plain error. *Cf. United States v. Jordan,* 602 F.2d 171 (8th Cir.1979).

The judgment of conviction is AFFIRMED.

MANNHEIMER, J., not participating.

---

no contest plea was granted on August 11, 1988. Eleven days later, on August 22, Petersen moved for a *continuance, thereby tolling the speedy trial rule.* The eleven days between August 11 and August 22 must also be excluded under *Sundberg.*

**3.** Petersen points out that a claim of accident or inadvertence is unavailable to a defendant charged with sexual abuse of a minor in the first degree. *See Pletnikoff v. State,* 719 P.2d 1039, 1044 n. 4 (Alaska App.1986). On this basis, he contends that joinder could not properly have been based on his anticipated reliance

on a defense of accident or inadvertence. However, Petersen would not have been barred from raising a *defense of accident or inadvertence to* the charge of second-degree sexual abuse involving S.K. Evidence of his abuse of M.B. would be admissible to counteract such a defense. Although the unavailability of an accident defense to the first-degree sexual abuse charge involving M.B. would have rendered evidence of his abuse of S.K. irrelevant and not cross-admissible as to that charge, and would thereby arguably have justified severance, Petersen's acquittal on the first-degree sexual abuse charge renders any error harmless.