Noel GARCIA, Appellant,

v.

STATE of Alaska, Appellee.

George MORANGE, Appellant,

v.

STATE of Alaska, Appellee.

Richard A. RUTAN, Appellant,

v.

STATE of Alaska, Appellee.

Nos. A–6389, A–6390 and A–6391.

Court of Appeals of Alaska.

Nov. 14, 1997.

Patrick Reilly, Seward, for Appellants Garcia and Morange.

Daniel L. Aaronson, Kenai, for Appellant Rutan.

Todd K. Sherwood, Assistant District Attorney, Sharon A.S. Illsley, District Attorney, Kenai, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, C.J., and MANNHEIMER and STEWART, JJ.

*OPINION*

MANNHEIMER, Judge.

In these consolidated appeals, we must apply Alaska Criminal Rule 45(c) to a situation that is not specifically addressed in the rule. As we explain in more detail below, the three defendants in this case were each charged with driving while intoxicated. After the Department of Public Safety took administrative action against their driver's licenses, the district court dismissed the criminal charges on double jeopardy grounds. These charges were reinstated several months later, after we decided an unrelated appeal (*State v. Zerkel*) that involved the same double jeopardy issue.

The question is how Rule 45 should have been calculated when the district court resumed jurisdiction over the defendants' cases. We hold that, under these circumstances, Rule 45's speedy trial "clock" was reset to Day 1 when jurisdiction over the defendants' cases returned to the district court. Further, because the defendants filed suppression motions, an additional period of 30 days was excluded from the Rule 45 calculation. For these reasons, we conclude that Rule 45 was not violated, and we therefore affirm the defendants' convictions.

In late 1994 and early 1995, Noel Garcia, George Morange, and Richard Rutan were each charged in the Seward district court with driving while intoxicated (DWI), AS 28.35.030(a). While the defendants were awaiting trial, the Department of Public Safety administratively revoked their driver's licenses. Following this administrative action against their licenses, the defendants asked the district court to dismiss the pending DWI prosecutions. They asserted that the revocation of their licenses constituted a "punishment" for the act of driving while intoxicated and, thus, any additional criminal prosecution based on the same incident would violate the guarantees against double jeopardy contained in the Fifth and Fourteenth Amendments to the United States Constitution and in Article I, Section 9 of the Alaska Constitution. The district court agreed with the defendants and dismissed their DWI cases. The State appealed these dismissals.

All of this happened while this court was actively considering the same double jeopardy issue in a group of consolidated cases now known as *State v. Zerkel.* The State's appeal of the three dismissals in this case was held in abeyance pending our decision in *Zerkel.* On July 28, 1995, this court held that administrative suspension or revocation of a driver's license based on the driver's act of driving while intoxicated or refusing to submit to a breath test did not constitute a "punishment" for double jeopardy purposes, and thus the driver could later be prosecuted for a criminal offense based on the same conduct. *State v. Zerkel,* 900 P.2d 744 (Alaska App.1995).

Within a few weeks of our decision, the Seward district court reinstated the criminal charges against Garcia, Morange, and Rutan. Almost immediately, the defendants filed motions to suppress their Intoximeter results on the grounds that the machine used to test their breath had not been properly calibrated.

However, the district court acted prematurely when it reinstated the charges against the three defendants: jurisdiction over the defendants' cases had not yet returned to the district court. A petition for hearing was filed in *Zerkel,* and thus our decision had not yet become final.[1]

While the *Zerkel* petition for hearing was still pending, the Seward district court recognized its jurisdictional error and withdrew its orders reinstating the defendants' prosecutions. The defendants' cases were again dismissed (with the State's appeal pending).

On December 4, 1995, the supreme court denied the petition for hearing in *Zerkel.* On January 12, 1996, this court issued an order dealing with all the cases that had been held in abeyance pending resolution of *Zerkel.* In pertinent part, our order stated:

> In all cases where criminal charges were dismissed based on a trial court ruling that *administrative suspension or revocation of the defendant's driver's license* barred a later criminal prosecution for a related

---

**1.** Defendants Garcia and Morange argue, without citation to any legal authority, that the district court never lost jurisdiction of their cases, despite the State's appeal of the district court's dismissal order. This contention is seemingly at odds with Appellate Rule 203, which declares that "supervision and control of the proceedings on appeal is in the appellate court from the time the notice of appeal is filed". Rule 203 further states that the appellate court "may at any time entertain a motion ... for directions to the trial court, or to modify or vacate any order made by the trial court in relation to the prosecution of the appeal". This language implies that, once the trial court has issued a final order and an appeal has been taken, the trial court no longer has the authority to modify its order unless permission has been granted by the appellate court. *See, e.g., State v. Salinas,* 362 P.2d 298, 301 (Alaska 1961), and *Bowell v. State,* 728 P.2d

1220, 1226 n. 5 (Alaska App.1986), *overruled on other grounds, Echols v. State,* 818 P.2d 691 (Alaska App.1991), both indicating that a trial court does not have jurisdiction to grant a motion for new trial while an appeal is pending, unless the appellate court has remanded the case to the trial court for that purpose.

Because Garcia and Morange have presented a purely conclusory argument that fails to address the legal authorities cited in the preceding paragraph (and fails to cite any others), we conclude that the two defendants have inadequately briefed their argument that the district court retained concurrent jurisdiction to modify its dismissal order during the State's appeal. On account of this inadequate briefing, the argument is waived. *Petersen v. Mutual Life Ins. Co. of New York,* 803 P.2d 406, 410 (Alaska 1990); *Wren v. State,* 577 P.2d 235, 237 n. 2 (Alaska 1978).

driving offense: these cases shall be RE-MANDED to the trial courts for further consideration in light of this Court's decision in *Zerkel.*

For purposes of deciding the present appeals, we assume that the Seward district court reassumed jurisdiction over Garcia's, Morange's, and Rutan's cases on January 13, 1996—the day after we issued this order.

█ The primary question presented in this appeal is how to calculate the time for bringing these three defendants to trial under Criminal Rule 45. Two provisions of Rule 45—subsections (c)(2) and (c)(5)—specifically address instances in which charges are dismissed and then reinstituted. However, neither provision directly governs the facts of this case.

Rule 45(c)(2) declares:

> *Refiling of Original Charge.* If a charge is dismissed by the prosecution, the refiling of the charge shall not extend the time. If a charge is dismissed upon motion of the defendant, the time for trial shall run from the date of service of the second charge.

In the present appeal, the charges were dismissed upon the defendants' motions, but there were never any "second charges". Instead, the district court reconsidered its dismissal order in light of *Zerkel* and then reinstated the original charges.

Rule 45(c)(5) declares:

> *Mistrial, New Trial or Remand.* If the defendant is to be tried again following a mistrial, an order for a new trial, or an appeal or collateral attack, the time for trial shall run from the date of mistrial, order granting a new trial, or remand.

This provision addresses situations in which defendants have already been tried once and now face a second trial, either because their first trial ended in a mistrial, or because they appealed their conviction and it was overturned, or because they received a favorable ruling on a motion for new trial or a petition for post-conviction relief. The present case is different: it involves a situation in which charges were reinstated following the *government's* appeal of a pre-trial order of dismissal and, ultimately, the trial court's rescis-

sion of that order (after this court returned jurisdiction over this matter to the trial court). Under these facts, the defendants were not going to be "tried again", but rather tried for the first time.

Thus, neither Rule 45(c)(2) nor Rule 45(c)(5) directly addresses the present situation, where the government has obtained reversal or reconsideration of a trial court's order of dismissal, thereby causing reinstatement of the pre-existing charge. The defendants contend that, because neither (c)(2) nor (c)(5) directly applies to their case, the answer to the present Rule 45 problem must be found in our decisions in *Sundberg v. State,* 657 P.2d 843 (Alaska App.1982), and 667 P.2d 1268 (Alaska App.1983).

The question in *Sundberg* was how to handle the Rule 45 speedy trial calculation when a defendant's case returned to the trial court after being on hold for several months while the appellate courts resolved a petition for review involving an evidentiary ruling. This court ultimately ruled that extra time should be granted in such circumstances—up to 30 days automatically, and more time if the State can prove that more time is reasonable. *Sundberg (II),* 667 P.2d at 1270.

The defendants contend that their case should be decided under the *Sundberg* rule. That is, the defendants argue that Rule 45 was tolled during the State's appeal (so that the intervening months were not counted toward the 120 days), but the 120–day time limit was not started anew when the district court reinstated the charges.

We conclude, however, that the defendants' case should not be resolved under *Sundberg.* Criminal Rule 45 did not contain subsection (c)(2) when *Sundberg* was decided; the supreme court enacted this provision ten years later. *See* Supreme Court Order No. 1127 (effective July 15, 1993). When we apply the policy of subsection (c)(2) to the present case, we conclude that *Sundberg* should not govern this case. Instead, we apply a rule analogous to the rule codified in subsection (c)(2): the district court's reinstatement of the charges restarted the Rule 45 calculation at Day 1.

Concededly, Rule 45(c)(2) only contains directions for what to do if the State accepts the trial court's dismissal and files new charges. It seems that no provision of Rule 45(c) directly addresses what to do when charges are dismissed on the defendant's motion but the State, instead of filing new charges, pursues an appeal of the trial court's dismissal order and ultimately obtains reversal or rescission of the dismissal. However, when the supreme court added subsection (c)(2) to Rule 45, the court manifested its intent to have Rule 45 restarted (not merely extended) when a prosecution is reinstituted after criminal charges have been dismissed on the defendant's motion. Rule 45(c)(2) essentially "overrules" this court's decision in *State v. Nitz*, 684 P.2d 134, 138 (Alaska App. 1984), where we held that, when a defendant is reindicted following the trial court's dismissal of a previous indictment, the new indictment is "treated as a continuation of the original prosecution for purposes of the speedy trial rule". Under Rule 45(c)(2), this is no longer true; instead, the speedy trial calculation is restarted.

The three defendants in this case admit that if the State had not appealed the district court's dismissal order, but had instead simply waited for our decision in *Zerkel* and had then refiled DWI charges against the defendants, the Rule 45 calculation would have started anew, pursuant to subsection (c)(2). We perceive no convincing reason why the State's decision to appeal should change the Rule 45 outcome. In either situation, criminal charges have been dismissed on the defendant's motion and the government is diligently seeking to reanimate the prosecution. If the filing of an identical second charge restarts the Rule 45 calculation, so too should

the reinstatement of the original charge.[2] Accordingly, we hold that Rule 45 was restarted (reset to Day 1) on January 13, 1996—the day we returned jurisdiction over the three defendants' cases to the district court.

On that day, the district court already had suppression motions under advisement in each of the three defendants' cases. (As described above, the defendants had each filed a motion to suppress their Intoximeter results during the period when the district court did not have jurisdiction to hear such motions.)

Criminal Rule 45(d)(1) states that the Rule 45 "clock" is tolled by the filing of a suppression motion, but the clock begins to run again when the trial court holds a pre-trial motion under advisement for longer than 30 days.[3] The district court did not rule on the defendants' suppression motions until February 22nd. The 30–day time limit of Rule 45(d)(1) expired on February 11, 1996. Thus, the Rule 45 clock began to run on February 12th; that day was Day 1 for Rule 45 purposes.

Without further tolling, the 120 days allowed by Rule 45 for bringing the defendants to trial would have expired on June 10, 1996. The defendants were notified in mid-May that their cases would be called for trial on May 28, 1996—a trial date that was within the limits of Rule 45.

Within days of receiving these trial notices, each of the defendants moved to dismiss their case for violation of Rule 45. Under Rule 45(d)(1), the defendants' motions to dismiss tolled the running of Rule 45. *See State v. Angaiak*, 847 P.2d 1068, 1072 n. 5 (Alaska App.1993). In the end, the defendants never

---

**2.** We note that, in the present case, the district court's order of dismissal became final, the State filed an appeal, and the district court lost jurisdiction of the defendant's cases for several months. We express no opinion as to how Rule 45 should be calculated (extended versus restarted) when the trial court, still having jurisdiction over the case, reinstates dismissed charges shortly after it enters the order of dismissal—for example, in response to a timely motion for reconsideration filed by the government. This situation is arguably more analogous to *Sundberg*, so that the reinstatement could be viewed as

simply a continuation of the original proceedings for Rule 45 purposes.

**3.** Criminal Rule 45(d)(1) provides, in pertinent part:

The period of delay resulting from other proceedings concerning the defendant, including but not limited to motions to dismiss or suppress ... [is exempted from the speedy trial calculation]. [However, no] pre-trial motion shall be held under advisement for more than 30 days[,] and any time longer than 30 days shall not be considered as an excluded period.

went to trial: after the district court denied their Rule 45 motions, the defendants entered *Cooksey* pleas (reserving their right to raise their Rule 45 claim on appeal). *See Cooksey v. State,* 524 P.2d 1251, 1255–57 (Alaska 1974).

■ For these reasons, we conclude that Rule 45 was not violated in the defendants' cases. Our reasoning is different from the reasoning employed by the district court, but we are authorized to affirm the district court's decision on any legal ground revealed by the record. *Rutherford v. State,* 605 P.2d 16, 21 n. 12 (Alaska 1979); *Ransom v. Haner,* 362 P.2d 282, 285 (Alaska 1961); *Millman v. State,* 841 P.2d 190, 195 (Alaska App.1992).

The judgements of the district court are AFFIRMED.